## GEE v. PHARR.

1. The words " grant, bargain, sell," must all be used in a deed, to imply a covenant of the grantor, against incumbrances, done or suffered by him, within the meaning of the "act respecting conveyances," sec. 20, approved March 4th, 1803.

ERROR to the Circuit Court of Wilcox.

The plaintiff brought an action of covenant against the defendant, in the Circuit court of Wilcox county, founded on a deed of

conveyance, executed by the latter to the former, by which the defendant " bargained, sold, released, aliened, and confirmed unto" said plaintiff, certain tracts of land. The plaintiff avers, in his declaration, " that by virtue of the legal operation and effect of the words *bargain, sell, release, alien and confirm*, contained in said deed, the said defendant did then and there covenant, to and with said plaintiff, that he the said defendant was seized of an indefeasible estate in fee simple, in said premises, freed from incumbrances, done or suffered from said defendant." The breach assigned is, that at the time of the execution of said deed, *the premises were not freed from incumbrances, done or suffered from said defendant*—but that the defendant had, before that time, conveyed to one John Danally and his heirs, the privilege of cultivating one of the quarter sections embraced in his deed to the plaintiff—that Danally was in the possession of and cultivated said quarter section, and refused to surrender it, without compensation to the amount of six hundred dollars, which plaintiff was compelled to pay to said Danally, in discharge of said incumbrance.

To this declaration there was a demurrer, filed by the defendant, and afterwards sustained by the court—which judgment of the Circuit court is now assigned for error.

Wm. Hunter, for plaintiff in error.
Peck & Clark, *contra*.

CLAY, J.—The question presented in this case, turns upon the construction of sec. 20 of the act of 1803, " respecting conveyances." [Aik. Dig. 94, § 33.] That section provides that—" In all deeds to be recorded, in pursuance of this act, whereby any estate of inheritance in fee simple, shall hereafter be limited to the grantee, or his heirs, the words grant, bargain, sell, shall be adjudged an express covenant of the grantee, his heirs and assigns, to-wit: that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrances, done or suffered from the grantor, (except the rents and services that may be reserved,) as also for quiet enjoyment against the grantor, his heirs and assigns ; unless limited in express words contained in such deed ; and the grantee, his heirs, executors, administrators and assigns

may, in any action, assign breaches, as if such covenants were expressly inserted, &c."

The counsel for the plaintiff in error contends, that although the word " grant" is not in the deed, the words " bargain and sell" are, of themselves sufficient to constitute a covenant, against prior incumbrances, created by the grantor, and existing at the time of the conveyance; and, indeed, that such would be the legal effect of any one of those words. If such a covenant exist, at all, in the present case, it is understood to be agreed on all hands, that it is only by force of the statute referred to. By the common law, neither of the words, " grant, bargain, sell," nor did all of them together imply such a warranty. It is laid down by Lord Coke, in his commentary on Littleton, that the word " *dedi* is a warranty in law to the feoffee, and his heirs during the life of the feoffor, but *conussi* in a feoffment, or fine, implieth no warranty." [See 2 Thomas' Coke, 204.] So, Mr. Butler, in his note VI, in the appendix to the same volume, p. 542, remarks, " from the passages here referred to, it most clearly appears, that the word *grant*, when used in the conveyance of an estate of inheritance, does not imply a warranty, &c." In an estate of inheritance, when the fee passes, the word grant is neither *a covenant in law, nor a warranty*. The word grant applies to incorporeal hereditaments, *which lie in grant*, and *not in livery*. [Ibid. 2 Chit. Blac. 233.] Nor do the words *bargain* and *sell* belong properly to the conveyance of an estate of inheritance, at common law. It was a species of conveyance, introduced by the statute of uses, [27 H. 8, ch. 10,] which in pleading is called the statute *for transferring uses into possession*. [1 Saund. R. 251, n. 2 ; 2 Chit. Blac. 250.]

From this view of the subject, it follows that the section of the act of 1803, above cited, was intended to give an effect to the words " grant, bargain, sell," which they did not possess at the common law. In other terms, the statute undertakes to impart to those words new virtue—an efficiency, before unknown to them. It is believed to be a sound rule of construction, that, when a statute alters the common law, the meaning shall not be strained beyond the words; except in cases of public utility, when the end, or object of the act appears to be larger than the enacting words. [6 Bac. Abr. 383–4.] Our statute not only alters the common law; but, inasmuch as it creates covenants for the par-

ty conveying, by mere implication, its tendency may be regarded as somewhat dangerous—as calculated to entrap the ignorant and unwary. Hence, the rule seems to apply with great force, that its sense should not be strained beyond the words employed. In Pennsylvania, where a statute like our own exists, the courts have determined that those words—*grant, bargain* and *sell*—did not amount to a general warranty, but merely to a covenant, that the grantor had not done any act, nor created any incumbrance, whereby the estate might be defeated. [Grantz v. Ewalt, 2 Binney's R. 95.] And this strictness of construction is approved by Chancellor Kent, in his 4 Com. 473—" because the words of the statute are (by it) divested of all dangerous tendency."— He further remarks, " it may not be very inconvenient, that those granting words should imply a covenant against the secret acts of the grantor ; but, beyond that point, there is great danger of imposition upon the ignorant and the unwary, if any covenant be implied, that is not stipulated in clear and precise terms." [Ibid.] Such being the character and tendency of the statute in question, it should receive a strict construction ; its words should not be extended beyond their obvious meaning ; nor should the contemplated covenants be implied by less than all the effective words used in the statute. If the word *grant* can be dispensed with, in the creation of the covenants named in the act, so might the word *bargain,* or the word *sell*—and the introduction of either of those words into a deed, might be made to operate as a covenant under the statute, when it was perhaps never thought of by either of the parties. The Legislature have not said that either of the words, when used alone, shall be adjudged such a covenant, as that contended for by the counsel for the plaintiff, but they have merely declared that " the words grant, bargain, sell," shall be so adjudged. There is certainly nothing in the terms, or apparent object, of the act, which requires us to give to one, or two, of those words, as much force, or effect, as pertains to all of them; and the safer construction will be, to require all, to imply such important covenants, as that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrances, and for quiet enjoyment. These views bring us to the conclusion, that the court below was right in sustaining the demurrer to the declaration.

· Let the judgment be affirmed.