## BALLARD v. TURNER.

PLEADING.—*Payment.*—*Harmless Error.*—Where the defendant in an action pleads payment in full to the plaintiff, evidence of a partial payment by him to a third person, at the request of the plaintiff, is admissible thereunder, and the sustaining of a demurrer to a special paragraph alleging such partial payment is harmless.

SAME.— *Want of Consideration.*—*Promissory Note.*—An answer to an action by the payee, upon a promissory note, admitting its execution upon the promise by the payee to loan the amount of the same to the defendant, and averring that the payee had failed to make such loan, amounts to a plea of want of consideration, and is sufficient on demurrer.

From the Boone Circuit Court.

*J. W. Clements* and *H. C. Wills*, for appellant.

*C. C. Galvin* and *C. S. Wesner*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover a balance alleged to be due and unpaid on a promissory note, the appellant being the maker, and the appellee being the payee, of said note.

To appellee's complaint, the appellant answered in seven paragraphs, of which the first was a general denial, the second was a plea of payment in full, and the fourth was an answer of set-off.

To the second and fourth paragraphs of answer, the appellee replied by general denial; and to the third, fifth, sixth and seventh paragraphs of answer, the appellee's demurrers for the alleged want of sufficient facts therein

were severally sustained by the court below, and to these decisions the appellant excepted.

The issues joined were tried by a jury, in the court below, and a verdict was returned for the appellee, for the balance due on the note. And the appellant's written motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below, on the verdict.

In this court, the appellant has assigned, as errors, the decisions of the court below, in sustaining the appellee's demurrers to the third, fifth, sixth and seventh paragraphs of his answer, and in overruling his motion for a new trial of this cause.

We will consider and decide the questions presented by these several alleged errors, in the order of their assignment.

1.   In the third paragraph of his answer, the appellant alleged, in substance, by way of counter-claim, that he executed the note in suit, and that, after its execution and before the commencement of this suit, he entered into a contract with the appellee, through her agent, Samuel Turner, whereby the appellant was to pay one Isaac Egbert the sum of eighty-one dollars, due him from the appellant and one Samuel Turner; that the same was to be, by said agreement, applied on said note; that appellant fulfilled his part of said agreement, and paid said sum to said Isaac Egbert, at the appellee's special request; and, therefore, he asked that said sum of money, so paid to said Egbert, might be recouped out of appellee's claim.

Regarded in its most favorable light for the appellant, this paragraph of answer is only a special plea of payment. For, if the payment to Egbert was made to him at the appellee's request, then it was, in legal effect, a payment to appellee. The facts alleged in this paragraph were therefore admissible in evidence under the general plea of payment; and the error of the court, in sustaining a demurrer to this paragraph, if it was an error, was

Ballard *v.* Turner.

a harmless one, and would not be available to the appellant for any purpose. *Strough* v. *Gear*, 48 Ind. 100; *Cool* v. *Cool*, 54 Ind. 225; and *Baker* v. *The Arctic Ditchers*, 54 Ind. 310.

2. In the fifth paragraph of his answer, the appellant admitted the execution of the note in suit, but said that the same was given in consideration that the appellee would loan to him the sum of money in said note mentioned; that, at the time of the execution of said note, the appellee represented to the appellant, that she had coming to her from an insurance company the sum of six hundred and thirty-five dollars, and that the appellee was then indebted to the appellant, in a sum of money equal to the aforesaid sum, less the amount of the note sued on; and that the appellee, by her agent, represented to the appellant, that, in the event of his execution of said note, he might have the favor of said excess of money above his debt; that appellant accordingly executed said note; that the appellee had at all times failed and refused to let the appellant have said money; and that said note was given for no other or different consideration whatever. Wherefore, etc.

The substance of this paragraph is, that the appellant executed the note in suit to the appellee, for the loan by her to him of the amount of the note in money; and that, when she got the note, she had at all times refused to loan him the money.

If the facts alleged are true, and, as they are well pleaded, the appellee's demurrer thereto admits their truth, surely they ought to constitute a complete defence to any action on the note, by the payee, against the maker thereof.

We are very clearly of the opinion, that the court below erred, in sustaining the appellee's demurrer to this fifth paragraph of answer. As between the payee and maker of a promissory note, the want of consideration

therefor always has been, and, in our opinion, always will be, a good defence to an action on the note.

We need not especially notice the sixth and seventh paragraphs of the appellant's answer. In each of these paragraphs, the appellant sought to obtain the benefit of the eighty-one dollars paid to Egbert, mentioned in the third paragraph of answer before set out, either by way of set-off or payment. Even if the court below erred, in sustaining demurrers to these paragraphs, we are satisfied, from the appellant's own evidence, that the errors were harmless, as he showed by his own testimony that he was not entitled to any credit on the note in suit, on account of the payment to Egbert.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the fifth paragraph of the answer, and for further proceedings.