## M. M. WHEELER

*v.*

## THE COUNTY OF WAYNE.

*Filed at Mt. Vernon April 22, 1890.*

1.  COUNTIES—*of their powers, generally—and to make contracts, etc.*
Counties can only exercise such powers, first, as are granted by express
words; second, those necessarily or fairly implied in or incident to the
powers expressed; and third, those essential to the declared objects
and purposes of the corporation, not simply convenient, but indis-
pensable.

2.  Of every municipal corporation the charter or statute by which it
is created is its organic act. Neither the corporation nor its officers
can do any act or make any contract or incur any liability not author-
ized thereby.

3.  SAME—*contracts made by counties—through what instrumentality.*
Neither can a county make a valid contract, even within the scope of its
powers, except through its county board.

4.  VENDOR AND PURCHASER—*failure of title—covenant for title, or
fraud.* To entitle a grantee to relief, either at law or in equity, on ac-
count of incumbrances upon or defects in title, his deed must contain
appropriate covenants, or he must show fraud on the part of his grantor.

5.  COVENANT FOR TITLE—*"grant, bargain and sell"—as a statutory
warranty—omission of one of those words.* A deed made by a county of
a tract of swamp land, contained the following language: "There is
granted to * * * the following described lands, * * * to have and
to hold the said tract to the said grantee, and to his heirs and assigns
forever, as a good and indefeasible estate in fee simple:" *Held,* the deed
was not a warranty deed, and that it contained no covenants of war-
ranty, express or implied.

6.  The words "grant, bargain and sell," when used in a deed, are
made by the statute a warranty of an indefeasible title, etc.; but the
use of only one or two of those words will not have that effect.

7.  CONTRACT—*want of consideration.* Where a purchaser of land
takes a quitclaim deed, or deed without any covenants as to title or
against incumbrances, a subsequent promise by his grantor to perfect
the title or remove an incumbrance is void for want of consideration.

WRIT OF ERROR to the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court of
Wayne county; the Hon. C. S. CONGER, Judge, presiding.

This action was begun in the circuit court of Wayne county, by plaintiff in error, against defendant in error. The declaration is in assumpsit, containing two counts. To this declaration defendant below filed a general demurrer, and the circuit court rendered judgment thereon in its favor, for costs of the suit. The Appellate Court for the Fourth District has affirmed that judgment, and hence this writ of error.

The first count of the declaration states, in substance, the following facts: Plaintiff below purchased from said Wayne county certain swamp lands, which it conveyed to him by several deeds, the first bearing date July 24, 1860, and the last February 20, 1866. These deeds are averred to be warranty deeds, the covenants of title being expressed in the following language, viz: "There is granted to said grantee, and his heirs and assigns forever, the following described lands, to-wit: * * * to have and to hold the said tract of land, with the appurtenances thereof, unto the said grantee, and to his heirs and assigns forever, as a good and indefeasible estate in fee simple." The lands so conveyed had been previously incumbered by the county by a trust deed made to secure certain railroad bonds; and after the said conveyances to plaintiff, and after he had been put in possession of said lands, said trust deed was foreclosed, the lands sold at master's sale, and deeds therefor executed to the purchaser. It is then averred that plaintiff was not made a party to said foreclosure proceeding, and that he had a right to have said trust deed cancelled by a proceeding in chancery, and the sale and conveyance thereunder set aside. The count concludes as follows:

"And in consideration of the premises, the said defendant afterwards, on, to-wit., at said county, did agree with the said plaintiff that the said plaintiff should proceed, in the circuit court of Wayne county, Illinois, to secure a cancellation of said deeds from the master in chancery, and the aforesaid trust deed and mortgage, and that said defendant would pay all costs, expenses and attorneys' fees occasioned by such necessary

proceeding or proceedings, as the same should accrue, upon request, and did then and there make part payment, to be credited on account of said costs, etc.; and the said plaintiff did thereupon, at the March term, 1880, and thereafter, at said county, employ an attorney and did exhibit his bill in chancery in said circuit court of Wayne county, against the purchaser, at or through the aforesaid master's sale, decree and foreclosure of said mortgage, to remove the same as a cloud, and afterwards, due proceedings being had, the said court did render a decree cancelling and removing said deed acquired through said decree of foreclosure of said trust deed and mortgage, as a cloud upon plaintiff's title, and decree and said trust deed and mortgage, as aforesaid, null and void; and the said plaintiff did thereby incur great expenses, to-wit, the sum of $1000 as costs of court, and the sum of $1000 printing necessary in said suits, and the sum of $1000 of expenses of depositions and traveling expenses, and the sum of $1000 as attorneys' fees in conducting said suits, which several sums the said plaintiff then and there paid, whereby the said defendant became liable to pay the said plaintiff the several sums aforesaid of money, as the costs, expenses and liability as accrued and incurred."

The second count avers the said conveyance, trust deed, and said mortgage having been executed in the manner as set forth in the first count above, on, to-wit, June 1, 1881, a suit in chancery was begun in the Circuit Court of the United States for the Southern District of Illinois, wherein J. C. Cloyd and others were complainants, and plaintiff and others were defendants, to re-foreclose said mortgage as against said plaintiff; alleging a large balance yet to be due and unpaid by virtue of the same, and in consideration of its liability, as in said first count set forth, the said defendant requested said plaintiff to make defense to said suit, and promised said plaintiff to pay to him all costs, expenses and attorneys' fees, as they should accrue, which he should reasonably incur in such defense; that

the defendant, then and there, on the making of said promise to pay all reasonable costs and expenses so incurred, did make a part payment for printing of bills of complaint to be filed in said cause, with briefs and decrees, to be credited as part payment; that the plaintiff, relying on said promise, employed an attorney, whose fee should be a reasonable fee on final success, with expenses paid as they should accrue, and did make defense to said suit, and did therein incur costs and expenses to the amount of $1000, to-wit, the sum of $1000 for taking depositions necessary in the said defense, the sum of $1000 for printing, and the sum of $1000 for traveling expenses of attorney and plaintiff in and about the necessary defense of said suit.

Mr. H. TOMPKINS, and Mr. RUFUS COPE, for the plaintiff in error:

The county of Wayne, the defendant, is bound by its deed with covenants and promises, as would be an individual when acting within the scope of power conferred, and is alike liable on an implied contract in damage for any breach. Rev. Stat. chap. 34, sec. 24.

As to power to sell and convey or lease any real or personal estate owned by the county, see Rev. Stat. chap. 30, sec. 17; *Wolf* v. *Boettcher*, 64 Ill. 317; *Martel* v. *East St. Louis*, 94 id. 67; *Town of Mt. Vernon* v. *Patton*, id. 65. And by implied contract. *Town of Athens* v. *Thomas*, 82 Ill. 259.

The county, by virtue of the title to the swamp lands being in fee to the county, and by the empowering act approved March 4, 1855, was empowered and directed to convey to the purchaser an absolute title in fee simple, which would be binding on the county as full covenants of title with its undisturbed possession. Being so liable, the county became liable to the plaintiff, when his title and possession were disturbed by decree and sale, for such indebtedness as he was compelled and had paid in his defense, such as printing, and

expenses in and about the defense, with attorney's fees. *Watson* v. *Woolverton*, 41 Ill. 241; *Harding* v. *Larkin*, id. 414.

If a county conveys land for a consideration, there is no reason resting in sound public policy why it should not accompany its conveyance with a covenant of title. Municipal corporations generally are liable on their covenants. *Frazer* v. *Peoria County*, 74 Ill. 282.

Messrs. HANNA & HANNA, for the defendant in·error:

If plaintiff relies on the covenants of warranty in his deeds from ·Wayne county as the basis of his cause of action, we contend:

*First*—The deeds executed by Wayne county to plaintiff are in form quitclaim deeds, and contain no covenant of warranty.

*Second*—If the deeds did contain covenants of warranty, such covenants would be *ultra vires*, and void, no authority existing, in law, in a county to execute a warranty deed to the swamp lands of the county in such manner as to render the county liable on the covenants.

*Third*—If the deeds are in form warranty deeds, by the plaintiff's own showing his title to the land was perfect, and he has not been evicted, and no covenants have been broken.

· *Fourth*—If the plaintiff relies on a contract with the county other than the covenants of his deeds,—as seems to be the allegation of his declaration, and as the Appellate Court construed the declaration,—then we answer that no power exists in the county to make such a contract.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

If the declaration can be sustained at all, it must be upon the theory that the several deeds of conveyance from the county to the plaintiff contain covenants of title, among others, against incumbrances; and therefore the promise averred in the declaration is supported by a sufficient consideration, and binding on the county

Counties can only exercise such powers, first, as are granted by express words; second, those necessarily or fairly implied in or incident to the powers expressed; and third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. * * * Of every municipal corporation, the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby. (1 Dillon on Mun. Corp. sec. 55; *Cook County* v. *McCrea*, 93 Ill. 238.) Neither can a county make a valid contract, even within the scope of its powers, except through its county board. (*Sexton* v. *County of Cook*, 114 Ill. 179; *County Comrs.* v. *Jones*, Breese, 237.) These questions, however, do not necessarily enter into the decision of this case, for if the power to make the contract set up in the declaration did exist, and if that power was exercised by the proper county board, still, unless the declaration shows that the undertaking and agreement were supported by a valuable consideration, the demurrer was properly sustained.

To entitle a grantee to relief, either in law or equity, on account of incumbrances upon or defects in title, his deed must contain appropriate covenants, or he must show fraud on the part of his grantor. 3 Washburn on Real Prop. (5th ed.) 477; *Snyder* v. *Laframboise*, Breese, 343; *Sheldon* v. *Harding*, 44 Ill. 68; *Botsford* v. *Wilson et al.* 75 id. 132. If, therefore, plaintiff's deeds from the county contain no covenants, the latter was under no legal obligation to remove incumbrances existing against the lands conveyed, and any promise to do so would be a mere *nudum pactum.*

No express covenants are alleged to exist in these deeds, but plaintiff in error contends that the language, "there is granted to * * * the following described lands, * * * to have and to hold the said tract to the said grantee, and to his heirs and assigns forever, as a good and indefeasible estate in fee simple," should be construed as importing covenants

·of title.   It is first to be observed that the latter part of the
above quotation, "to have and to hold," etc., is but a *habendum*
·clause, the purpose of which is merely to define the estate
which the grantee is to take in the property conveyed.   "It has
now," as Chancellor KENT observes, "degenerated into a mere
useless form."   It is no essential part of a deed.   Devlin on
Deeds, sec. 213 ; 3 Washburn on Real Prop. (5th ed.) p. 466.
The words, "good and indefeasible estate in fee simple," are
not therefore to be considered as containing covenants of title,
as contended by counsel for plaintiff in error.   If, however,
they could be so considered, still there is nothing in them, or
·other words used in the deed, from which covenants can be
implied.

At common law, covenants were implied only from the use
of the word "*dedi*," and grew out of the feudal system.   Cases
are cited by Mr. Rawle, in his work on Covenants for Title,
(p. 359,) in which covenants were held to be implied by the
use of other words, such as "granted and conveyed," "granted,"
·"granted, bargained, sold, enfeoffed, and confirmed," but he
·says Chief Justice KENT, in the year 1840, conclusively showed
that in the creation of a freehold, the words, "bargain, sell,
·alien and confirm, or other words than '*do*' or '*dedi*,' imply no
warranty whatever by the common law."   (Pages 360, 361.)
Therefore, except, possibly, when the word "*give*" is used, cov-
·enants can only be implied where some statutory words are
used.   The words, "grant, bargain and sell," were given that
·effect by the statute of 6 Anne, c 35.   The statute of Illinois in
force when the deeds in question were executed, though taken
·from Pennsylvania, is in substance that of 6 Anne.   Alabama
also adopted the Pennsylvania statute.

In *Gee* v. *Pharr*, 5 Ala. 586, (39 Am. Dec. 339,) the words
used in the granting part of the deed were, "bargained, sold,
released."   The plaintiff insisted that they amounted to a cov-
·enant against incumbrances under the Alabama statute, and
.for a breach of that covenant he brought his action.   A de-

murrer was sustained to the declaration, and he appealed. The contention in the Supreme Court was, that although the word "grant" was not used, the other two words of the statute were, and that they were sufficient to constitute the covenant sued on. It was decided otherwise, and the judgment of the court below affirmed. CLAY, J., rendering the opinion of the court, says: "If such covenant exists at all, it must be by statute, the words 'grant, bargain, sell,' implying no such warranty at the common law. The statute was intended to give an effect to those words which they did not possess at common law. If one of these words may be dispensed with in the creation of the covenants named in the act, so might others, and the introduction of either of them into a deed might be made to operate as a covenant under the statute, when perhaps it was never thought of by either party." It is expressly held in that case that covenants will only be implied where all the words of the statute have been used. This decision is cited with approval in *Frink et al.* v. *Darst,* 14 Ill. 304. (See, also, *Whitehall* v. *Gotwall,* 3 Pa. 323.) No authority to the contrary has been found. It is not therefore the province of this court to say, from general language used in a deed, that the parties intended it to be a warranty deed; but the question is, does the deed contain express covenants of title, or does it use the words from which, by statute, such covenants may be implied. Here, we find neither. We must therefore hold the conveyances from the county to the plaintiff in error were quitclaim deeds, imposing no obligation whatever upon the county to defend the title.

In this view of the case it is unimportant to decide whether or not the county of Wayne had the power to execute warranty deeds to its swamp lands. As at present advised, we are of opinion that no such authority is given by the statute, but are not to be understood as deciding that question.

For the reasons stated, the judgment of the Appellate Court is affirmed.            *Judgment affirmed.*