(105 N. W. 613.)

---

HARRIET L. ALSTERBERG v. H. BENNETT.

Opinion filed December 6, 1905.

**Parol Evidence to Vary Written Consideration — Statute of Frauds — Action for Breach of Contract.**

1. While either party to a written contract may show that the true consideration therefor is different from that recited in the writing, yet it is not permissible, under the guise of proving the true consideration, to establish as a cause of action an oral agreement within the statute of frauds, or one which violates the rule embodied in section 3888, Rev. Codes 1899, that a written contract supersedes all prior or contemporaneous oral agreements or stipulations concerning its matter.

**A Deed Is to Determine Grantor's Undertaking as Well as to Pass Title.**

2. The function of a deed is not only to transfer to the grantee the grantor's rights, but is also a written contract evidencing the obligations, if any, assumed by the grantor with respect to the nature and condition of the estate or title which the deed purports to convey.

**Quitclaim Deed — Effect — Warranties.**

3. A deed delivered and accepted merely transferring the grantor's right, title, and interest in the land described, and containing no express or implied covenants as to title or incumbrances, is, in the absence of actionable deceit, conclusively presumed, in an action at law, to show that the grantor assumed no obligations as to the validity or extent of his title or interest, or as to incumbrances.

**Evidence — Grantee in Quitclaim Deed Cannot Recover on Oral Warranties.**

4. The grantee who has accepted a quitclaim deed cannot recover in an action at law, on the grantor's alleged oral promise, made before or at the time the deed was delivered and accepted, to pay certain taxes which were then an incumbrance on the land conveyed.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by Harriet L. Alsterberg against H. Bennett. Judgment for defendant, and plaintiff appeals.

Affirmed.

*G. F. Wyvell,* for appellant.

It is competent to prove a contemporaneous and independent matter founded on the consideration embraced in the price of the land, which would in no way vary or modify the deed itself. Jones on Evidence, 475-6, 444-6; Warvelle on Vendors, 169; 20 L. R. A. 104, note subdivisions 2a and 3; Fraley v. Bentley et al., 1 Dak. 25, 46 N .W. 506; Mapes v. Metcalf et al., 10 N. D. 601, 88 N. W. 713, p. 719; Langan et al. v. Iverson, 80 N. W. 1051; Anderman v. Meier, 98 N. W. 327; First Nat. Bank et al. v. Bower, 98 N. W. 834; Miller v. Kennedy et al., 81 N. W. 906; Ford v. Savage, 69 N. W. 240; Mowry v. Mowry et al., 100 N. W. 388; Brader v. Brader, 85 N. W. 681; Lathrop v. Humble, 97 N. W. 905; Headrick v. Wischart, 57 Ind. 129; Welz v. Rhodius, 87 Ind. 1, 44 Am. Rep. 747; Hays v. Peck, 107 Ind. 389; Richardson v. Traver, 112 U. S. 423, 28 L. Ed. 804; Carr v. Dooley, 119 Mass. 294; McCormick v. Cheevers, 124 Mass. 262.

*Charles F. Templeton,* for respondent.

A party cannot under the pretense of showing a consideration prove a prior or contemporaneous and oral agreement which will vary, cut down or add to the stipulation in the deed. Duncan v. Blair, 5 Denio, 196; Headrick v. Wisehart, 41 Ind. 87; Maupin on Marketable Title to Real Estate, section 121; Proctor v. Gibson, 49 N. H. 62; Cook v. Combs, 75 Am. Dec. 241; Howe v. Walker, 4 Gray, 318; Tucker v. White, 125 Mass. 344; Flynn v. Bourneuf, 143 Mass. 277, 58 Am. Dec. 135; Simanovitch v. Wood, 145 Mass. 180, 13 N. E. 391; Radigan v. Johnson, 174 Mass. 68, 54 N. E. 358; Stookey v. Hughes, 18 Ill. 55; Putnam v. Russell, 86 Mich. 389, 49 N. W. 147; Cabot v. Christie, 42 Vt. 121.

To deeds also with peculiar vigor is this applied, that to what is written no new ingredients can be added by parol. Wharton on Evidence (2d Ed.) section 1050; Seitz v. Brewers & Co., 141 U. S. 510, 35 L. Ed. 837; McCray Refrigerator & Cold Storage Co. v. Woods et al., 99 Mich. 269, 58 N. W. 320; Mast v. Pearce & Cowan,

8 N. W. 632, 12 N. W. 597; Johnson v. Powers, 65 Cal. 179, 3 Pac. 625; Thompson v. Libbey, 34 Minn. 374, 26 N. W. 1; Willard v. Ostrander, 26 Pac. 1017.

ENGERUD, J. The plaintiff sought to recover from the defendant $122.05 and interest, on a cause of action set forth in the complaint as follows: "That on or about the 7th day of May, 1904, the defendant sold to the plaintiff the N. E. ¼ of section 14, in township 150 N., of range 56 W., in Grand Forks county, North Dakota, for the sum of $2,000, free and clear of all incumbrance, except a certain mortgage of $800, then a lien against said property, which the plaintiff assumed, and has since paid, and at said time the defendant made and executed to this plaintiff a quitclaim deed of said premises; that at said time, and as a part of the consideration for the payment by the plaintiff to him of said sum of $2,000, defendant agreed to pay all taxes which were then a lien upon said land; that said agreement was by mistake omitted from said deed; that on said day taxes duly levied and assessed against said lands for the years 1899, 1900, 1901 and 1903 were unpaid and constituted a lien upon said land; that said land was, pursuant to the laws of this state, sold for the taxes of said years 1899, 1900 and 1901; that in order to clear the land of said liens and protect her interest therein, plaintiff was obliged to, and actually did, on the 19th day of November, 1904, pay to the treasurer of said Grand Forks county the sum of $99.64 to redeem the land from such tax sales, and on the 31st day of May, 1904, paid to said treasurer the sum of $22.41 in satisfaction of said tax of the year 1903; that such taxes constituted valid and subsisting liens against said premises for the amounts above stated on the dates referred to, and that no part of said sums has been paid by defendant, although demanded." The answer was a general denial. On the trial before a jury the plaintiff proved or offered to prove the facts substantially as set forth in the complaint; it being admitted that the alleged agreement on which recovery was sought was oral. The trial court excluded proof as to the alleged oral agreement of the defendant to pay the taxes, on the ground that such proof would conflict with and vary the defendant's agreement as evidenced by his deed, which was a mere quitclaim without any express or implied covenants as to title or incumbrances.

The appellant contends that the alleged oral promise was "a contemporaneous agreement with reference to a separate and in-

dependent matter and founded on the consideration embraced in the price of the land, which would in no way vary or modify the deed itself," and was therefore erroneously excluded. This is the only question presented by the assignments of error. Appellant's argument is primarily based upon the assumption that a quitclaim deed without covenant has no office to perform, except to transfer to the grantee the grantor's claim or right. In other words, unless a deed on its face limits or defines the obligations of the grantor with respect to incumbrances, then the deed does not purport to be the grantor's contract on that subject, so as to exclude evidence of a promise otherwise valid which was part of the consideration for the price paid for the land. If appellant's assumptions as to the functions of the deed is true, then his argument is doubtless sound, because it is a well-settled general rule that the true consideration for a deed may be shown to be something different from that which appears on the face of the deed. The right to show the true consideration, however, when it is claimed to be a promise or agreement not disclosed by the deed, is subject to the qualification which is clearly stated in Howe v. Walker, 4 Gray, 318, as follows: "It is true, as the plaintiff suggests, that the consideration of a contract, in other respects within the statute of frauds, may be proved by parol. You may prove what was the real consideration, and that it was not recited in the deed. But you cannot show that, as the consideration of a deed from A to B of Whiteacre, B agreed by parol to convey Blackacre to A, and rely upon such parol agreement as the ground of a suit in equity to enforce a specific performance. That is, under the power of proving by parol the consideration of a written contract, you cannot establish an independent agreement, otherwise within the statute of frauds. Nor can you, under the guise of proving by parol the consideration of a written contract, add to or take from the other provisions of the written instrument. This would practically dispense with the statute of frauds and with that sound rule of the common law which finds in the written contract the exclusive and conclusive evidence of the intent and agreement of the parties, and will not suffer such written contract to be varied or affected by any contemporaneous parol agreement." The correctness of the conclusion reached in that case that the agreement there involved was within the statute of frauds is questionable. On that point, we express no opinion. We think, however, that the language quoted

therefrom is a clear and correct statement of the law applicable to the case at bar.

It is conceded that the oral promise relied on in this case is not within the statute of frauds, and may, therefore, be shown, unless it is objectionable for the reasons stated in the last paragraph of the foregoing quotation from Howe v. Walker. That paragraph states the same common-law rule which is expressed in our Civil Code (section 3888, Rev. Codes 1899), as follows: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." The decisive question in this case therefore, is whether or not the deed is a contract in writing concerning the matter which was the subject of the defendant's alleged promise to remove the incumbrances caused by the unpaid taxes. It is apparent, then, that the truth or falsity of appellant's assumption as to the scope and functions of the deed is the proposition in dispute. We do not think it is true that the only function of a deed is like the ancient livery of seisin, merely to transfer the grantor's rights. In this jurisdiction, at least, it is beyond question that a deed of land is intended by the parties, not only as a transfer of the land, but also as the written evidence of all obligations assumed by the grantor with respect to the nature and condition of the title conveyed. It would be a startling proposition, indeed, in this state, to contend that the grantee, who was content to accept a quitclaim deed, could, notwithstanding the deed, prove an oral warranty and recover for its breach in an action at law. That is the necessary result of appellant's argument. If an oral promise to pay incumbrances on the part of a grantor in a quitclaim deed can be shown in an action at law for a failure to perform it, then it must necessarily follow that any other prior promise on his part with respect to the estate to be conveyed by the deed is likewise enforcible by such an action. In either case the plaintiff could allege and prove that the promise was part of the consideration paid for the land. Such is not the law in this state. One who accepts a quitclaim deed is, in the absence of fraud, mistake or other ground for equitable relief, conclusively presumed to have agreed to take the title subject to all risks as to defects or incumbrances, relying on such protection only as the recording laws afford him. The absence of express or implied covenants in a deed is equivalent to an express declaration therein that the grantor as-

sumes to convey only his right or interest, whatever it may be, and that he declines to bind himself to do more. Headrick v. Wisehart, 41 Ind. 87; 3 Washburn on Real Property (6th Ed.) sections 2239, 2368; Thorp v. Coal Co., 48 N. Y. 253, 256; Wheeler v. County, 132 Ill. 599, 604, 24 N. E. 625; Peters v. Bowman, 98 U. S. 56, 25 L. Ed. 91; Cartier v. Douville (Mich.) 56 N. W. 1045. We think the views expressed by Pettit, C. J., in Headrick v. Wisehart, supra, as to the effect of a quitclaim deed are sound, notwithstanding the decision of the Indiana supreme court on a subsequent appeal in the same case. Headrick v. Wisehart, 58 Ind. 129.

It would be an interminable task to attempt to analyze and discuss the mass of cases bearing on the question as to what constitutes a valid, independent or collateral agreement not varying the terms of the written instrument. Such an analysis would disclose that the cases are in hopeless conflict, and we despair of bringing order out of such a chaos. The whole subject is discussed in Wigmore on Evidence, section 2427 et seq. We hold that it must be conclusively presumed that the deed in this case is the sole evidence of the obligations of the grantor with respect to the nature and condition of the title, and hence supersedes all prior or contemporaneous oral agreements or stipulations on his part concerning that matter. Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588. If the deed does not, in fact, express the actual agreement in that respect, relief must be sought in equity, where the matter may be heard and determined under the safeguards peculiar to that jurisdiction. It is perhaps needless to say that the deed in this case would not bar evidence as to the oral negotiations if misrepresentations amounting to actionable deceit had been alleged as a cause of action.

We think the rulings of the trial court were right, and the judgment is accordingly affirmed. All concur.