This is an action to foreclose a conditional sale contract. By the terms of this contract the plaintiff sold certain personal property, consisting of pool tables and other equipment for a pool room, to the defendant and reserved title to all such property in the plaintiff until the full amount of the purchase price had been paid. The amount due upon the contract is not in dispute, but the defendant asserts by way of set-off that "as a part of the consideration for the purchase by the defendant herein of the said merchandise the plaintiff, through its agent undertook, promised and agreed with the defendant to furnish to the defendant a five year lease covering a certain building located on Lot 4, Block 48, of the original plat of the city of Bismarck;" and it is alleged that the plaintiff failed to comply with the terms of this agreement and that as a result the defendant was damaged in the sum of $2000. The defendant demands judgment "that the amount due on the said contract be computed and determined *Page 888 
and that after deducting the same from the contract by the plaintiff that the defendant have judgment against the plaintiff for said difference, etc." The case was tried upon the issues thus framed to the court without a jury.
When the defendant sought to introduce evidence relating to the alleged agreement on the part of the plaintiff to furnish defendant with a lease, objection was made on the ground, among others, that such evidence was inadmissible under the parol evidence rule; and that a valid agreement to this effect could not be established by parol evidence. The trial court permitted the evidence to be introduced, but with the specific understanding that he would eventually rule upon its admissibility and the validity of the alleged oral agreement in determining the merits of the litigation. The principal evidence as to the existence and terms of the alleged agreement consisted of the testimony of the defendant, himself. He testified that when he was first approached by the agent of the plaintiff he refused to buy the personal property unless a suitable location for a pool room was procured; that thereafter some discussion was had with regard to the place mentioned in the answer; and that the agent of the plaintiff then asked the defendant whether he would purchase the fixtures if he got a lease to the building; that later when the conditional sales contract was signed and the defendant paid a part of the purchase price plaintiff's agent stated to the defendant that "he had the lease in his possession or in such condition that he had the lease secured;" that it was a five year lease at a rental of $200 per month. The only proof of damages adduced by the plaintiff had reference to the loss of anticipated profits. That is, he testified as to the loss or profits which he claims it was likely he would have earned if he had received the lease.
After due consideration the trial court ruled that the evidence adduced by the defendant to prove the agreement to furnish a lease was inadmissible; and, hence, that no valid agreement to that effect had been proven. In so ruling, however, the trial court indicated that if the agreement might be made in the manner in which it is claimed to have been made, and if it could be proven in the manner in which plaintiff sought to prove it, that the court would have held that the agreement existed. *Page 889 
The trial court made findings and conclusions in favor of the plaintiff. Judgment was entered accordingly and defendant has appealed from the judgment and demanded a trial anew in this court.
In our opinion the judgment is correct and must be affirmed. It is doubtless true that the rule that parol testimony cannot be received to vary or add to or subtract from the terms of a valid written instrument "is not violated by allowing parol evidence to be given of the contents of a distinct, valid, contemporaneous agreement between the parties which was not reduced to writing when the same is not in conflict with the provisions of the written agreement." Jones, Ev. p. 174. But obviously the parol agreement must be a valid one. The fact that it is collateral to a written agreement does not render it legal, valid or enforcible, if standing alone it would be illegal, invalid or unenforceable. Thus a party to a written contract may not under the guise of proving a collateral oral agreement "establish as a cause of action an oral agreement within the statute of frauds." Alsterberg v. Bennett, 14 N.D. 596, 106 N.W. 49. The defendant in this case had the burden of establishing a valid agreement on the part of the plaintiff "to furnish to the defendant a five year lease covering a certain building." The construction most favorable to the defendant, of the evidence adduced is that at the time the sales contract was executed the plaintiff represented to him that it had a lease for the building in question for a term of five years at an agreed rental of $200 per month; and that it was orally agreed between the parties that the plaintiff would transfer this lease to the defendant or sublet the premises to him for the same term, and at the same rental, as that stipulated in the lease. But this agreement would itself be within the statute of frauds. Comp. Laws, 1913, subdiv. 5, § 5888; 1 Williston, Contr. § 491; 27 C.J. pp. 211, 214, 215; 25 R.C.L. pp. 562-566. And, hence, subject to the very attack which the plaintiff made upon the agreement, and the evidence adduced to establish it. Hence, the trial court was correct in concluding that defendant had failed to establish the agreement on the part of the plaintiff for the breach of which he asked to be compensated. We believe that the trial court's conclusion would have been correct, even though all question as to admissibility of evidence and as to the statute of frauds be laid aside. In other words, we are of the opinion that the defendant *Page 890 
failed to sustain the burden of proof, even though it be assumed that the evidence was admissible and the alleged oral agreement not within the statute of frauds.
In view of the conclusion we have reached as to the alleged oral agreement it is unnecessary to determine whether there was any competent evidence as a basis for computation of damages.
Judgment affirmed.
NUESSLE, JOHNSON, BURKE, and BIRDZELL, JJ., concur.
 On petition for rehearing.