Perry Coal Company, Appellee, v. M. J. Richmond et al., Appellants, and James E. Blair and Mayme Cairns, Appellees.

Opinion filed November 9, 1936.

FARMER, KLINGEL & BALTZ, of Belleville, for appellants.

M. C. YOUNG, for appellee Perry Coal Co.

J. FRED GILSTER, of Chester, for appellees James E. Blair and Mayme Cairns.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On September 18, 1901, Robert Blair and Mary Blair, his wife, conveyed to the Coulterville Home

Mining Company all interest in and to the coal and salt lying under the surface of certain described lands, in consideration of one dollar and ''one and one-half per cent per ton, royalty, mine run, for each and every ton of coal mined from the premises. . . . And when so mined or produced, to pay to the said grantors, their heirs or assigns, the said sum of money and royalty above specified, on or before the 15th day of each month''; which agreement was filed for record the succeeding day. The grantors thereafter died intestate, leaving as their only heirs appellees James E. Blair and Mayme Cairns.

Appellees, in 1922, filed a bill to partition the said lands, in which they averred that they were the sole owners of same, as tenants in common, each owning an undivided. one-half interest therein. The. lands were sold by the master in chancery, pursuant to decree entered in such suit, and appellants M. J. Richmond, and Ella Richmond now deceased, became the purchasers thereof.

In 1930 appellee, Perry Coal Company, had by mesne conveyances become the owner of all that which was conveyed in the said instrument of September 18, 1901. Certain royalties, amounting to $227.16, had accrued on account of coal mined from said premises. The Perry Coal Company filed its bill of interpleader in the usual form, asking that appellees James E. Blair and Mayme Cairns, and appellants M. J. Richmond and Ella Richmond, interplead as to their respective contentions as to claims of ownership in said royalties, and that the court hear and determine the same. Appellees James E. Blair and Mayme Cairns filed their answer, claiming ownership of said royalties.

Ella Richmond died pending the suit, and M. J. Richmond, as her administrator, and Harold T. Richmond as her heir, were made parties defendant thereto. The said last two named parties, who, together

with said M. J. Richmond, are appellants herein, filed their answer averring that in said partition suit said James E. Blair and Mayme Cairns alleged they were the sole owners of, and that no other person had any interest in such premises; that at the hearing they so testified; that the court by decree found such to be the fact; that such premises, pursuant to decree which ordered the master to make sale without reservation or exception as to the coal, were so sold, the master, prior to sale, making an announcement to that effect; that appellees did not object thereto; that in the administration of the estates of Robert Blair and Mary Blair, no coal rights were inventoried as part of such estates; and that as a consequence appellees were estopped to claim any interest in or title to either the coal underlying said premises, or the royalties resulting from the mining thereof.

Appellants also filed their cross-bill, setting forth the same facts averred in the answer; also alleging that the claims of appellees were a cloud upon their title and right to said coal and the royalties to be derived from mining same, and praying that all further royalties be decreed to be the property of appellants, and that the claims of appellees therein be vacated and voided, and canceled as a cloud upon the title of appellants thereto.

Appellees moved to strike the answer and cross-bill; the motion was sustained; appellants refused to further plead, and decree was entered holding appellees to be entitled to such royalties, and this appeal is prosecuted to reverse said decree.

In *Manning v. Frazier,* 96 Ill. 279, where the court had under consideration a conveyance very similar to the one in question, the holding was that the conveyance vested the grantee with ownership of the coal; that the price agreed to be paid for each ton of coal as it was removed, and settlements therefor to be

made each three months, was merely a mode of ascertaining the amount of purchase money to be paid for the coal so conveyed as realty, and the transaction amounted to a sale and conveyance of the coal, on credit, and the money so to be paid was purchase money for the conveyance of the coal; that the title to the coal was in the grantee, and that the grantor had a vendor's lien thereon to insure the payments reserved in the deed.

The deed herein not expressly reserving such a lien, it is raised in equity in favor of the vendor who has parted with the legal title without payment, and grows out of the implication of law that the seller does not intend to release his claim on the land for the purchase money. Such a lien, arising wholly by legal implication, is personal to the grantor and cannot be assigned. *Gordon v. Johnson,* 186 Ill. 18, 28; *Small v. Stagg,* 95 Ill. 39. If, however, the lien had been expressly reserved in the instrument of conveyance, it would be a matter of contract of the parties, and would be regarded as in the nature of a mortgage and subject to alienation by the grantor. *Robinson v. Appleton,* 124 Ill. 276; *Wright v. Troutman,* 81 Ill. 374; *Carpenter v. Mitchell,* 54 Ill. 126. By the transaction the grantee became vested with the ownership of the coal, the grantors entitled to pay therefor, as provided in the deed, and to secure such payment the law implied, in their favor, a lien upon the realty conveyed.

The vendor's implied lien thus created is not an interest or estate in realty, nor is it a specific, absolute charge thereon, but merely an equitable right in the vendor, by a proceeding in equity, to resort to the property in case the purchase money is not paid. 66 Corpus Juris, 1216, sec. 1075; *Kukuk v. Martin,* 331 Ill. 602. It is not a debt, nor a right of property, but simply a remedy for the debt. *Aldrich v. Ederer Co.,* 302 Ill. 391.

Appellants contend that as purchasers at the partition sale they acquired whatever rights and interests James E. Blair and Mayme Cairns had in and to the said premises. This is true, and it only remains to consider what of right or interest said parties had in said lands at such time.

By the deed of September 18, 1901, all rights in and to the coal underlying said lands passed to the grantee, and there remained in the grantor only the ownership of the surface. This instrument was duly recorded the following day and was constructive notice to the public of its contents. It had been on record for a long period of time prior to the partition suit. Appellants, as purchasers, rested under the duty of examining the record, as they were chargeable with notice of all matters affecting the chain of title which appeared of record. *Blake v. Blake*, 260 Ill. 70.

It is thus seen from the foregoing facts and the authorities cited that James E. Blair and Mayme Cairns, at the time of the institution of the partition suit, had no right, title or interest in or to the coal beneath the surface of said premises, but merely a vendor's lien thereon to secure the enforcement of the terms of the sale contract of the mineral, which was "simply a remedy for the debt" and not subject to be sold under the partition decree. Of this fact appellants were chargeable with notice by the land records of the county. Appellants thus purchased the interest of James E. Blair and Mayme Cairns, which was the ownership of the land less the coal beneath its surface.

It is further urged that said last named parties are estopped to assert the vendor's lien, for the reason that they in their petition for partition alleged that they were the sole owners of the premises; that they so testified at the hearing and produced other testimony of like character, and that the lands were decreed to be so sold, and that in fact such was done.

Where a claim of estoppel as to matters of real estate title is made, and it appears that the party asserting the same had the means of ascertaining the condition of the title by reference to the public land records, the claim cannot prevail. *Thor v. Olson,* 125 Ill. 365; *Bradley v. Lightcap,* 202 Ill. 154, 168. So here the appellants had the ready means of ascertaining the title of the complainants in the partition suit, by referring to the public records which were open to the inspection of every one. Their means of knowing the title were equal to those of the complainants, and where this is true an estoppel does not arise. *Siegel, Cooper & Co. v. Colby,* 176 Ill. 210; 21 Corpus Juris, p. 1131, sec. 132.

As was said in *Bassett v. Lockard,* 60 Ill. 164: "It was a purchase at a judicial sale, and the general rule is that there is no warranty at such a sale, but the rule of caveat emptor applies, and the goodness of the title must be at the purchaser's own risk."

For which reasons we are of opinion that the trial court rightly struck the answer and cross-bill.

*Judgment affirmed.*