**Robert H. ROBBEN, Plaintiff-Appellee,**

**v.**

**E. A. OBERING and Helen Bailey Obering, Defendants-Appellants.**

**No. 12917.**

United States Court of Appeals Seventh Circuit.

June 1, 1960.

Rehearing Denied July 22, 1960.

**382**

Carl W. Lee, East St. Louis, Ill., D. E. Furnall, Mt. Vernon, Ill., John C. Roberts, East St. Louis, Ill., Howard W. Campbell, Mt. Vernon, Ill., for defendants-appellants.

J. E. Patten, Breese, Ill., Richard W. Sterling, Belleville, Ill., James H. Donnewald, Breese, Ill., C. C. Dreman, Belleville, Ill., for plaintiff-appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This appeal involves a declaratory judgment action removed to the District Court on grounds of diversity. The controversy concerns who holds a valid oil and gas lease covering an undivided ¼ interest in a certain 21 acre tract of land in Clinton County, Illinois. Both plaintiff-appellee and defendants-appellants claim to hold a valid lease covering the interest. The District Court found the issue in favor of and entered judgment for Robert H. Robben, plaintiff-appellee. E. A. Obering and Helen Bailey Obering, defendants-appellants appealed.

The main contested issue is whether the District Court erred in holding the doctrine of after-acquired title inapplicable.

On November 7, 1953 Ed Meirink, as grantor, executed an oil and gas lease covering the tract to E. A. Obering as lessee. Obering conveyed a one-half interest in the lease to his wife, Helen Bailey Obering, on November 23, 1953. The lease contained a covenant of warranty as follows:

"Lessor hereby warrants and agrees to defend the title to the lands herein described * * *".

A leasing agent for Obering testified that prior to the execution of the lease Ed Meirink informed him, in response to a telephone inquiry, that he owned the tract and probably would lease it. Meirink testified that at the time he executed the lease he considered himself the owner "of the entire 21 acres". In June of 1956 an oil well was brought in on an adjacent tract. Meirink notified Obering's office and requested a local attorney to have a title search made. Meirink found out that he owned but a ¼ interest in the tract; that his brother, Arthur, his sister, Laura, and a nephew, each owned a ¼ interest. Meirink attempted to acquire these interests. He obtained a quit-claim deed from his brother, Arthur, on July 20, 1956. It was recorded the next day. Meirink learned that he could not obtain a conveyance from his nephew because of the latter's minority, nor from his sister, who was then incompetent. Meirink quit-claimed an undivided ¼ interest back to Arthur Meirink and the latter's wife, Dorothy, in joint tenancy. This quit-claim deed is dated July 20, 1956 and was recorded August 7, 1956. On November 2, 1956 Arthur and Dorothy Meirink, as grantors, executed an oil and gas lease of the tract to plaintiff-appellee, Robben. Arthur Meirink testified that the purpose of his quit-claim deed to Ed Meirink was to get the lease drilled; that Ed promised that "he would give me my share"; and that Ed Meirink quit-claimed back the next day. Ed Meirink testified that he "gave it back to Arthur because I had promised him that even with me holding the paper I would still give him his fractional part".

The District Court rejected defendants' contention that the interest ac-

quired by Ed Meirink by the quit-claim deed from Arthur passed to defendants under the doctrine of after-acquired title and that Arthur Meirink thereafter had no interest to lease to Robben.

Illinois law governs the issue here involved. In the course of oral argument before us both parties conceded that there is no Illinois case directly in point as to the application of the doctrine of after-acquired title to an oil and gas lease.

■■ The doctrine of after-acquired title or estoppel by deed stems from the common law rule of implied warranties. Although the common law rule of implied warranties is not in existence in Illinois unless all of the words of the statute are used (Wheeler v. County of Wayne, 132 Ill. 599, 24 N.E. 625) express warranties are given the same effect as implied warranties at common law. See Biwer v. Martin, 294 Ill. 488, 500, 128 N.E. 518, in which the doctrine of after-acquired title was recognized as applicable in Illinois where an express warranty is made by the grantor. The court stated (294 Ill. at page 496, 128 N.E. at page 522):

"It is likewise the rule in this state that where one who has no interest, or but a part thereof, in the land he undertakes to convey, and afterwards acquires title, the interest he acquires passes to the grantee by way of estoppel, and, if there be a warranty, it not only estops the grantor but a subsequent purchaser from him. Frisby v. Ballance, 2 Gilm. 141; 4 Kent's Com. *98, Phelps v. Kellogg, 15 Ill. 131; Bennett v. Waller, 23 Ill. 97; Walton v. Follansbee, supra; Williams v. Esten, 179 Ill. 267, 53 N.E. 562; Tiedeman on Real Prop. § 728".

■ Unless repealed by statute the common law is in full force and effect in Illinois. Illinois Bell Telephone Co. v. Slattery, 7 Cir., 102 F.2d 58, 67; Fergus v. Russel, 270 Ill. 304, 377, 110 N.E. 130 and Wunderle v. Wunderle, 144 Ill. 40, 33 N.E. 195, 19 L.R.A. 84.

■ The common law doctrine of after-acquired title or estoppel by deed applies to leases. In Poultney v. Emerson, 117 Md. 655, 658, 84 A. 53, 54, it was said in this connection:

"It is a well-recognized rule that if a lease is made by one who has no present interest in the demised property, but acquires an interest during the term, the lease will operate upon his estate as if vested at the time of its execution. 1 Tiffany on Landlord and Tenant, § 76; Rawle on Covenants for Title (5th Ed.) §§ 258–273; Bigelow on Estoppel (5th Ed.) 384–390; 1 Taylor's Landlord and Tenant (8th Ed.) § 87; Williams on Real Property (18th Ed.) p. 476; 24 Cyc. 923; Cunningham v. Pattee, 99 Mass. 248; Austin v. Ahearne, 61 N.Y. 6."

The doctrine has been applied to oil and gas leases. Columbian Carbon Co. v. Kight, 207 Md. 203, 114 A.2d 28, 51 A.L.R.2d 1232. See also cases cited in the annotation in 51 A.L.R.2d commencing at page 1238.

In Summers Oil & Gas, Vol. 3, Sec. 552, p. 577 (1958 Ed.) it is stated:

"The principle that the after-acquired title passes to the grantee where grantor warrants the title or represents that he conveys the land, operates in assignment of oil and gas leases as in other conveyances."

We see no reason why an oil and gas lease in which the lessor warrants title should be excluded from the scope of the doctrine of after-acquired title.

■ Plaintiff argues that Ill.Rev.Stat. 1959, Ch. 30, Par. 6 (Sec. 7 of "An Act concerning conveyances", approved March 29, 1872) restricts and limits the scope of the common law doctrine to conveyances "in fee simple absolute." The statute provides:

"If any person shall sell and convey to another, by deed or conveyance, purporting to convey an estate in fee simple absolute, in any tract of land or real estate, lying and be-

ing in this state, not then being possessed of the legal estate or interest therein at the time of the sale and conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate to the land or real estate so sold and conveyed, it shall be taken and held to be in trust and for the use of the grantee or vendee; and the conveyance aforesaid shall be held and taken, and shall be as valid as if the grantor or vendor had the legal estate or interest, at the time of said sale or conveyance."

The language of the statute above is substantially that of R.S.1833, p. 131, considered in Frink v. Darst, 14 Ill. 304, 308, where the Illinois Supreme Court quoted with approval (at pages 309, 310) the following statement from Bogy v. Shoab, 13 Mo. 365, 366 with respect to a precisely similar statute:

"It may be, then that our statute was intended to settle a question which had been much discussed, and about which there was certainly great conflict of opinion whether a general warranty would operate to transfer a subsequently acquired legal title. It undoubtedly settles this question in the affirmative, and I think, it goes further. It puts the whole question upon principles of sound sense and strict justice. It does not limit its operation to deeds containing covenants of general warranty, but it extends to every deed which purports to convey a fee-simple absolute whether it contains a general warranty or not. It is easy to imagine numerous cases in which there are conveyances obviously intended, and purporting to convey absolute titles, but which omit any covenants of warranty".

It is our opinion that the Illinois statute was intended to remove, in cases of conveyances in fee simple absolute, any uncertainty which may have existed as to whether an express warranty was required to invoke the doctrine of after-acquired title. This view is in harmony with the general principle that statutes are not presumed to alter the common law further than that expressly declared and will not be construed to repeal by mere implication a rule of common law, unless the implication is absolutely imperative. Cadwallader v. Harris, 76 Ill. 370; Smith v. Laatsch, 114 Ill. 271, 2 N.E. 59. Repeal of the common law by implication is not favored. People ex rel. Nelson v. West Englewood Trust & Savings Bank, 353 Ill. 451, 187 N.E. 525.

The Illinois statute discloses no intent, express or implied, to restrict the application of the common law rule. Nor do the terms and provisions of the statute require such a result. This conclusion is further borne out by the Illinois decisions recognizing the applicability of the doctrine of after-acquired title to mortgages which contain the words "and warrants". Lagger v. Mutual Union Loan Association, 146 Ill. 283, 300, 33 N.E. 946, and cases therein cited.

■ We are of the opinion, in this setting, that the view taken by the Kansas District Court in O'Connor v. J. H. Huber, Corp., D.C.Kan., 85 F.Supp. 381 can have no controlling effect in Illinois. In that case the *provisions* of a similar Kansas statute were relied upon rather than the common law rule. We conclude that in Illinois the doctrine of after-acquired title is applicable to an oil and gas lease which contains an express warranty of title.

■ The lease to defendants contains a "lesser interest" clause under which if the lessor owns a less interest in the land therein described than the entire undivided fee simple estate, then the royalties and rentals are to be paid to the lessor only in the proportion which his interest bears to the whole and undivided fee. Plaintiff contends that the presence of the lesser interest clause renders the warranty of title ambiguous and so limits and qualifies the warranty as to make it ineffective except as to the interest which the lessor was able to lease or grant. We find no merit to this contention. The purpose of each clause

is different and there is no ambiguity nor any conflict between them.

In the instant case the estoppel arises by warranty. No attempt to assert an estoppel *in pais* is involved. Consequently cases such as Bradley v. Lightcap, 202 Ill. 154, 67 N.E. 45 and Perry Coal Co. v. Richmond, 287 Ill.App. 298, 4 N.E.2d 891 relied upon by plaintiff are not applicable and any failure of defendants to utilize means of ascertaining the condition of the title by referring to the public land records is not a factor for consideration. Such failure would not preclude operation of the rule of after-acquired title.

Plaintiff's final contention is that the doctrine of after-acquired title is inapplicable for the reason that the conveyance from Arthur to Ed Meirink constituted a trust and Ed Meirink took title as trustee. We are of the opinion that the record does not support a conclusion that the title to Arthur's ¼ interest in the property was held by Ed Meirink in a fiduciary capacity. It is unquestioned that Ed Meirink was to see that Arthur got "his share". It is equally evident that the Meirinks intended at the time of the quit-claim by Arthur that the Obering lease should attach to Arthur's ¼ interest. The Obering lease was the only lease of the tract then in existence in which anyone could have received a "share" and the conveyance was to "get him to drill". The application of the doctrine of after-acquired title would defeat no trust. Nor does it in any manner affect any rights Arthur Meirink may have against Ed Meirink to receive ¼ of the royalty interest.

We conclude that the doctrine of after-acquired title applies to the ¼ interest conveyed by the quit-claim deed of Arthur Meirink to Ed Meirink; that by operation of law the Obering lease attached to said interest and that the subsequent attempt to lease to plaintiff was ineffectual as against the Obering lease as so enlarged.

The judgment order of the District Court is reversed and the cause is re-manded with directions that appropriate findings and judgment be entered for defendants in conformity with the views herein expressed.

Reversed and remanded with directions.