## SKIDMORE & Others v. PITTSBURG, CINCINNATI & ST. LOUIS RAILWAY COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted October 17, 1884.—Decided October 27, 1884.

The legal title to real estate acquired subsequent to the lease by a lessor own-
ing the equitable title at the date of the lease, inures to the benefit of the
lessee as against a judgment creditor of the lessor whose judgment is sub-
sequent to the lease.

This was an action of ejectment, and the material facts
found by the court below, on which the case comes here for
decision, were as follows: In the spring of 1868, the Columbus,
Chicago and Indiana Central Railroad Company purchased the
premises in dispute upon time contracts, by which the purchase
money was to be fully paid within four years and a convey-
ance made when the payments were completed. Immediately
on making the purchase the company went into possession of
the premises, " and erected thereon its engine houses and cer-
tain shops, structures, and side tracks necessary for the opera-
tion of its railroad." On the 1st of February, 1869, the
Pittsburg, Cincinnati & St. Louis Railway Company " became
the lessee of the railway and property of the C., C. & I. C.
Ry. Co. for the term of ninety-nine years, and immediately
thereafter entered into the possession of said railroad and all its
lands and property, including the property in controversy."
The lease was recorded in Cook County, Illinois, where the
premises are situated, on the 21st of July, 1873. It did not
purport to convey after-acquired property, but the premises in
question were, and since the lease was made have been, occu-
pied and used by the lessee for railway purposes " the same as
though they were included in the lease."

On the 2nd of February, 1872, the purchase money having
been paid in full, according to the terms of the contract, a deed
was executed conveying the premises to the Columbus, Chicago
and Indiana Central Company in fee simple. On the 19th of

April, 1873, William B. Skidmore, since deceased, recovered a judgment against the last named company in the Cook County Circuit Court.   Execution, issued on this judgment, was levied on the premises on the 10th of June, 1873.   Under this execution the property was sold to William B. Skidmore on the 10th of July, and a conveyance made to Harriet Skidmore, Lemuel Skidmore and William B. Skidmore, his heirs, in due course of proceeding, on the 3d of May, 1876.  The heirs, who are the plaintiffs in error, claiming under this title, brought this suit against the Pittsburg, Cincinnati & St. Louis Company, which was in possession, to recover the property.   Upon these facts the court below gave judgment in favor of the railway company, and to reverse that judgment this writ of error was brought.

*Mr. George Willard* and *Mr. George Driggs* for plaintiffs in error.—As the questions raised a rule of property, this court will follow the statutes and decisions of the State.   *Ross* v. *Barland,* 1 Pet. 655 ; *Miles* v. *Caldwell,* 2 Wall. 35 ; *Nichols* v. *Levy,* 5 Wall. 433 ; *Williams* v. *Kirtland,* 13 Wall. 306 ; *Boyce* v. *Tabb,* 18 Wall. 546 ; *Brine* v. *Insurance Company,* 96 U. S. 627 ; *Taylor* v. *Ypsilanti,* 105 U. S. 60 ; *Hammock* v. *Loan and Trust Company,* 105 U. S. 77.—I. The title which the plaintiffs in error exhibited in themselves is paramount to the title exhibited by the defendants in error, under the decisions of the courts and the statutes of the State of Illinois.   Rev. Stat. Ill. 1874, ch. 77, §§ 1, 3, 4, 10, 11, 16, 17, 30, 32, 33 ; ch. 90, § 29 ; *Palmer* v. *Forbes,* 23 Ill. 301 ; *Hunt* v. *Bullock,* 23 Ill. 320 ; *Bruffett* v. *Great Western Railroad Company,* 25 Ill. 353 ; *Titus* v. *Mabee,* 25 Ill. 257 ; *Titus* v. *Ginheimer,* 27 Ill. 462 ; *Maus* v. *Logansport, Peoria & Burlington Railroad Company,* 27 Ill. 77; *Smith* v. *Chicago, Alton & St. Louis Railroad Company,* 67 Ill. 191 ; *Peoria & Springfield Railroad Company* v. *Thompson,* 103 Ill. 187 ; *Cooper* v. *Corbin,* 105 Ill. 224.   The rights of the defendant in error are equitable, whereas the rights of the plaintiffs in error are legal ; and in ejectment legal rights must be held to prevail over equitable rights.   *Chinquy* v. *Catholic Bishop of Chicago,* 41 Ill. 148 ; *Roundtree* v. *Little,*

54 Ill. 323; *Fischer* v. *Eslaman*, 68 Ill. 78. As between the Columbus, Chicago & Indiana Central Railway Company, as mortgagor, and Roosevelt and Fosdick, as mortgagees, the former, before execution of the sheriff's deed, must be deemed the owner of the fee. *Fitch* v. *Pinckard*, 4 Scam. 69; *Hall* v. *Lance*, 25 Ill. 277; *Moore* v. *Titman*, 44 Ill. 367.—II. The plaintiffs in error showed a right of possession in themselves. The defendant in error as lessee could not question the title of its lessor. A mortgage, even after condition broken, is not such an outstanding title that a stranger can take advantage of it to defeat a recovery by the mortgagor or one claiming under him. *Hall* v. *Lance*, 25 Ill. 277. A parol contract relating to an interest in lands for a longer term than one year is void. Rev. Stat. Ill., which has received construction in *Comstock* v. *Ward*, 22 Ill. 248; *Wheeler* v. *Frankenthal*, 78 Ill. 124; *Perry* v. *McHenry*, 13 Ill. 227. The altering of a written contract by parol makes it all parol. *Vicary* v. *Moore*, 2 Watts, 451; *Dana* v. *Hancock*, 30 Vt. 616; *Briggs* v. *Vermont Central Railroad Company*, 31 Vt. 211. See also *Barnett* v. *Barnes*, 73 Ill. 216; *Hume* v. *Taylor*, 63 Ill. 43; *Chapman* v. *McGrew*, 20 Ill. 101; *Baker* v. *Whiteside*, 1 Ill. (Breese), 132; *Longfellow* v. *Moore*, 102 Ill. 289. The defendant's possession was in fact the possession of the lessor, and it operated the road for the lessor and not in its stead. *Pittsburg, Cincinnati & St. Louis Railway Company* v. *Campbell*, 86 Ill. 443; *Peoria & Rock Island Railroad Company* v. *Lane*, admr., 83 Ill. 448; *Rockford, Rock Island & St. Louis Railroad Company* v. *Heflin*, 65 Ill. 366; *West* v. *St. Louis, Vandalia & Terre Haute Railroad Company*, 63 Ill. 545; *Chicago & Rock Island Railroad Company* v. *Whipple*, 22 Ill. 105; *Ohio & Mississippi Railroad Company* v. *Dunbar*, 20 Ill. 623; *Railroad Company* v. *Barron*, 5 Wall. 90; *Pennsylvania Company* v. *Roy*, 102 U. S. 451; *Illinois Central Railroad Company* v. *Kanouse*, 39 Ill. 272; *Toledo, Peoria & Warsaw Railway Company* v. *Rumbold*, 40 Ill. 143. We invoke the aid which the principle established by these cases affords.

No counsel appeared for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court. He stated the facts in the foregoing language and continued:

The judgment below was clearly right. The Columbus, Chicago &. Indiana Central Company was, in equity, the owner of the property when the lease was made and when the Pittsburg, Cincinnati & St. Louis Company went into possession under it. The deed executed in February, 1872, pursuant to the contract of purchase, converted the equitable title of the Columbus, Chicago & Indiana Central Company into a legal title, which at once, by operation of law, inured to the benefit of the Pittsburg, Cincinnati & St. Louis Company under its lease. All the rights of William B. Skidmore, as against the property, accrued long after those of the Pittsburg, Cincinnati & St. Louis Company and are subject to the title of that company. Such being the case, it is entirely unnecessary to inquire whether the Skidmores acquired a valid title to the property as against the Columbus, Chicago & Indiana Central Company. The Pittsburg, Cincinnati & St. Louis Company is entitled to the possession, whether that title be good or bad.

*The judgment is affirmed.*