# WILLIAM D. POULTNEY *vs.* ISAAC E. EMERSON.

*Leases: redemption of after* 15 *years; Act of* 1884, *Ch.* 485;
*not retroactive; execution of lease; interest and title
of lessor; subsequently acquired title.*

If a lease is made by one who had no present interest in the demised property, but acquires an interest during the term, the lease, through the principle of estoppel, operates upon his estate as if vested at the time of its execution.       p. 658

Some days before the taking effect of the Act of 1884, Chapter 485 (Code 1904, Art. 21, sec. 88), making all leases, for a longer period than fifteen years redeemable, C., by an indenture of lease, demised to T. certain lots for 99 years renewable forever. The recitals in the lease as to the chain of title referred to a deed in fee simple to C. to be thereafter recorded. Equity proceedings were necessary for the conveyance of a complete title to the fee to C.; by the time the equity proceedings were instituted and completed and the trustee appointed, who conveyed the title to C., this act had become effective. It was *held,* that it had no application to the lease which had been executed, acknowledged, delivered and recorded before the act was approved.       p. 658

The Act of 1884, Chapter 485, affecting the redemption of leases, is remedial in its purpose, and should be liberally interpreted against the creation of irredemable leases for terms of long duration.       p. 659

*Decided March 26th, 1912.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*William H. Surratt* submitted a brief for the appellant.

*Vernon Cook* (with whom were *Gans & Haman* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

It was provided by the Act of 1884, Ch. 485 (Code, 1904, Art. 21, sec. 88) that all leases of land in this State thereafter made, for a longer period than fifteen years, should be redeemable after the expiration of fifteen years, at the option of the tenant, for a sum of money equal to the capitalization of the rent reserved at the rate of six per cent. unless some other sum not exceeding four per cent. should be specified in the lease, in which event the rent should be redeemable upon the basis thus prescribed. This act became effective April 8th, 1884. Ten days before that date an indenture of lease was executed and acknowledged by H. Webster Crowl and wife, as parties of the first part, and Thomas E. Thompson, as party of the second part, by which the former demised to the latter nine lots of ground in the suburbs of Baltimore for a term of ninety-nine years, renewable forever. The lease was duly recorded on April 5th, 1884. It referred for the lessor's title to a "deed from trustees to said Harry Webster Crowl in fee simple to be hereafter recorded." About a month prior to the execution of the lease Mr. Crowl had contracted in writing for the purchase of the lots in question from testamentary trustees who held the legal title for the benefit of a life tenant and devisees in remainder. It was understood at the time the agreement of sale was entered into that proceedings in equity would be necessary for the conveyance of a complete title to the purchaser. A bill was accordingly filed for that purpose on March 3rd, 1884, by the life tenant against the trustees and the remaindermen, praying for a sale of the property under the provisions of the Act of 1868 (Code, 1904, Art. 16, sec. 213) as being advantageous to all parties interested. The contract of sale was not

recited in the bill, but the decree in the case, which was passed August 23rd, 1884, provided for either a public or private sale, and the property was reported sold to Mr. Crowl upon the terms of his original purchase. In the meantime his lessee had been in possession from the date of the lease. The sale was ratified on October 27th, 1884, and the trustees' deed to the purchaser was executed May 22nd, 1885, and recorded July 30th of that year.

Two of the lots, designated as Nos. 858 and 860 West North Avenue, as to each of which an annual ground rent of one hundred and forty dollars was created by the lease, were subsequently acquired in fee by the appellee in this case, and he has contracted to sell them to the appellant as "irredeemable ground rents." The vendee has raised the objection that the rents are subject to the provisions of the Act of 1884 and are consequently redeemable by the lessee because the lessor's title was not obtained until after the statute became operative. This suit is for the specific performance of the appellant's contract of purchase, and the appeal is from a decree for its enforcement.

The record shows affirmatively that the execution of the lease before the legal title passed to the lessor was not prompted by any desire to avoid by anticipation the provisions of the act, and we have only to determine whether a lease made before its passage by a purchaser under an agreement requiring judicial sanction is to be regarded as having been made *after* the act merely because the statute was in force when the lessor's title was perfected.

The appellant's theory is that until the sale was ratified by the Court Mr. Crowl's contract with the trustees amounted to nothing more than an unenforceable offer of purchase, and *Neale* v. *Peverley,* 114 Md. 198; *Schindel* v. *Keedy,* 43 Md. 413, and other cases are cited in support of this proposition. But if it be conceded that this principle is applicable here, and that the lessor, when the lease was given, had no title to the land it describes, we should nevertheless be required to hold the instrument effective between the

parties in view of the lessor's subsequent acquisition of the title within the period of the tenancy. It is a well recognized rule that if a lease is made by one who has no present interest in the demised property, but acquires an interest during the term, the lease will operate upon his estate as if vested at the time of its execution. *Tiffany on Landlords and Tenants,* Vol. 1, sec. 76; *Rawle on Covenants for Title,* 5th Ed., secs. 258-273; *Bigelow on Estoppel,* 5th Ed. 384-390; *Taylor's Landlord and Tenant,* 8th Ed., Vol. 1, sec. 87; *Williams on Real Property,* 18th Ed. p. 476; 24 *Cyc,* 923; *Cunningham* v. *Patte,* 99 Mass. 248; *Austin* v. *Ahearne,* 61 N. Y. 6. This rule is based upon the doctrine of estoppel and is thus illustrated in *Washburn on Real Property,* 5th Ed., Vol. 1, p. 484: "Suppose A. makes a deed of indenture of lease of premises to which he has no title, and afterwards acquires one during the term; he will not be permitted to deny that his lessee had a good title to the same; nor on the other hand will the lessee, if permitted to occupy under such a lease, be at liberty to deny the title of his lessor."

If the lessor in this case is to be considered as having an equitable interest in the property as the result of his agreement with the trustees, it is clear that the lease operated on this interest from its execution, and that the subsequent conveyance of the legal title, to which it specifically referred, enured to the benefit of the lessor. *Skidmore* v. *Railway Co.,* 112 U. S. 33.

In any event the lease here under consideration must be regarded as effective from its date, as between the parties, for the transfer of the leasehold estate is created. This necessarily leads to the conclusion that the Act of 1884 can have no application to the present lease, because the effect of the statute is expressly confined to leases *thereafter* made, and the one before us is conceded to have been executed, acknowledged, delivered and recorded *before* the act was approved.

It is urged that the act is remedial in its purpose and should be liberally interpreted against the creation of irre-

deemable leases for terms of long duration.   There can be no doubt as to this being the proper and recognized rule of construction to be applied to this statute; *Stewart* v. *Gorter,* 70 Md. 245; *Swan* v. *Kemp,* 97 Md. 690; and the policy it was intended to enforce has been further emphasized by the Acts of 1888, Chapter 395, by which leases for a longer period than fifteen years were made redeemable by the tenant upon six months' notice after the expiration of ten years from their date, and by the Acts of 1900, Chapter 207, permitting redemption after five years and reducing the time of notice to one month (Code 1904, Art. 21, secs. 88 and 89). The question now before us, however, does not require us to construe the meaning or declare the policy of the act, but to simply ascertain whether the lease to which it is sought to be applied was made before or after it became an effective enactment; and this quesiton obviously admits only of the answer we have already indicated.

*Decree affirmed, with costs.*