ARMOUR REALTY CO., A CORPORATION, PLAINTIFF-RESPONDENT, v. JOHN G. CARBOY, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided February 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-respondent, *Joseph E. Cohn*.

For the defendant-appellant, *Frank Benjamin*.

The opinion of the court was delivered by

CASE, J. The papers placed in our hands disclose no specification of determinations with which the appellant is dissatisfied in point of law. The appeal will, therefore, be dismissed.

In addition, we discover no merit in the appeal. The suit was against the defendant as the maker of a promissory note given under the following circumstances: Vanderhoff and Carboy agreed, orally, upon an exchange of properties. Carboy's obligation was to convey a certain lot of land subject to taxes and assessments and to deliver his note in the amount of $450, of which $350 represented the arrears in taxes upon the lands conveyed by him and $100 was paid by way of equalization of values. That note was delivered and is the subject of this suit. It was known from the beginning that the property which Vanderhoff was to convey in exchange was not owned by him. The title was believed in good faith to be in Armour Realty Co., the present plaintiff, and, at the closing, warranty deeds were delivered, correct in form, from that corporation to Vanderhoff and from Vanderhoff to Carboy. Before the maturity of the note, Carboy discovered from the records that the Armour Company was not and had not been the owner and so reported to that company. Forthwith, and still before the maturity of the note, the actual owner, Telco Realty Company, conveyed, by warranty deed, to the Armour Company which immediately recorded the deed, and Armour conveyed to Vanderhoff and Vanderhoff to Carboy by corrective warranty deeds which were tendered to, and, upon Carboy's instructions, refused by, Carboy's attorney. All of these events transpired before the due date of the note. However, Carboy refused to pay the note and made defense to the suit thereon on the ground of total failure of consideration. There is no trace of fraud by Vanderhoff or his privies. The confusion in the original ownership was due to the fact that one Isaacs was president of both of the corporations and was mistaken as to the one in which title had been placed. The only defenses which appear from the record to have been raised at the trial were that (1) there was no consideration for the note and (2) the plaintiff

was not a holder in due course. If the second defense is to be accorded weight, it must, under the circumstances of the case, rest upon the first for support. The only determination made by the trial judge was the giving of judgment for the plaintiff and against the defendant in the amount of $450, plus interest and costs.

We think that the note may not be said to be without consideration. The first series of warranty deeds operated, by way of estoppel, to convey the estate to which subsequently the grantors became entitled (*Moore* v. *Rake,* 26 *N. J. L.* 574; *Beach Realty Co.* v. *Wildwood,* 105 *Id.* 317), and a conveyance to the grantor of land subsequent to his deed to another with warranty inures to the benefit of his grantee. *Gough* v. *Bell,* 21 *Id.* 156. Vanderhoff, by the acceptance of the note and of the title to which it related, became bound to pay the arrears in taxes.

Carboy neither alleges nor shows damage. He argues before us that he rescinded the contract, but the record does not, in our opinion, support that contention and does not show that he raised the question below.

The appeal will be dismissed for the reason given at the beginning of this opinion.