COLUMBIAN CARBON COMPANY *v.* KIGHT ET AL.

[No. 127, October Term, 1954.]

204

*Decided May 13, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Lewis R. Jones,* with whom was *Ernest Ray Jones,* on the brief, for appellant.

*Walter C. Capper* and *Donald W. Mason,* for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Columbian Carbon Company, a Delaware corporation, entered this suit in the Circuit Court for Garrett County against Edward G. Kight and wife, Evelyn Kight Warsaw, divorced wife of Pierce H. Warsaw, and Ray Kight to obtain a decree declaring that an oil and gas lease of a tract of land, which complainant obtained from Warsaw while he was married, is valid and enforceable.

The bill of complaint contains the following allegations:

(1) In 1946 Pierce H. Warsaw and his wife acquired a tract of land of 113 1/3 acres in Garrett County as tenants by the entireties.

(2) On February 24, 1953, Warsaw, while married, executed alone a lease of the tract to complainant for exploration and production of oil and gas for a term of

five years and as long thereafter as drilling operations for oil and gas might be conducted thereon. The lease, duly recorded on March 6, 1953, provides that if Warsaw owns less than the entire estate, the rentals and royalties should be paid to him in the proportion that his interest bears to the entire estate.

(3) On June 22, 1953, the Warsaws were divorced by the Circuit Court for Garrett County.

(4) In December, 1953, Warsaw and his divorced wife, Evelyn Kight Warsaw, conveyed the tract to Edward G. Kight; and in January, 1954, Edward G. Kight and his wife conveyed one-half interest in the tract to Evelyn Kight Warsaw.

(5) In July, 1954, Edward G. Kight and his wife and Evelyn Kight Warsaw leased the tract to Ray Kight.

Defendants demurred to the bill. The chancellor, holding that the lease was void, sustained the demurrer. Complainant appealed from the order sustaining the demurrer. An order of a court of equity sustaining a demurrer to an entire bill of complaint is not an interlocutory order but an order in the nature of a final decree, from which an appeal lies to the Court of Appeals, although no final order dismissing the bill is entered. *Young v. Cockman,* 182 Md. 246, 249, 34 A. 2d 428, 149 A. L. R. 1006; *Karger v. Stead,* 192 Md. 230, 232, 64 A. 2d 155; *Tanner v. McKeldin,* 202 Md. 569, 575, 97 A. 2d 449.

Appellees filed a motion to dismiss the appeal on the ground that appellant did not print in the appendix to its brief a copy of the bill of complaint, a copy of the demurrer, a copy of the lease, and a copy of each deed mentioned in the bill. We find that the brief contains a sufficient statement of the facts to enable us to decide the questions at issue, and we do not think that printing of the documents was necessary in this case. We therefore overrule the motion to dismiss the appeal. Moreover, in view of the amendments of our Rules relating to Appeals, which became effective on April 1, 1955, an extended discussion of the matter would not serve any useful purpose as a guide for the future, and we trust

that under the revised Rules similar questions will not be recurrent.

Appellant contended that, although the lease was not executed by Mrs. Warsaw in February, 1953, when the tract was owned by the entireties, appellant was nevertheless entitled to Warsaw's interest after the Circuit Court granted the divorce in June, 1953.

It is an ancient doctrine of the common law that if an estate in fee is given to a man and his wife, they are neither joint tenants nor tenants in common, for, since husband and wife are considered in law as one person, they cannot take the estate by moieties, but both are seised of the entirety, and in consequence neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor. *Blackstone's Commentaries,* book 2, chap. 12, page 182.

Under the ancient theory of the common law, property held by the entireties was owned by both spouses, but it was actually in the control of the husband, subject only to the right of the wife to acquire it in case she survived her husband. The original theory is still held in some jurisdictions in the United States. It has been held in Massachusetts, for example, that in a tenancy by the entireties the husband's rights are paramount to the rights of his wife, and therefore during marriage the husband is entitled to possession and control of the premises together with all the rents and profits therefrom. *Childs v. Childs,* 293 Mass. 67, 199 N. E. 383, *Franz v. Franz,* 308 Mass. 262, 32 N. E. 2d 205, 135 A. L. R. 1448.

This form of ownership, which originated when the husband was dominant, has undergone substantial changes in many parts of the United States. "These changes," according to Professor Powell, Reporter on Property for the American Law Institute, "have been due partly to the increased independence of women, partly to the demands of creditors for increased access to the assets of their debtors, and partly to a movement for simplification in the law by the elimination of a category of own-

ership, believed to be no longer sufficiently useful to justify its separate existence." 4 *Powell on Real Property,* sec. 620.

In 27 States tenancies by the entireties have been abolished. Moreover, in most of the 21 States which still recognize these tenancies, the effect of the enactment of the Married Women's Property Acts has been to eliminate the husband's right to the income from the property thus owned. In Maine and Illinois the effect of these Acts has been to change the tenancy by entireties into the tenancy in common. In those States the courts have reasoned that since the tenancy by entireties was based upon the common-law fiction that the husband and wife are but one person, and since the Married Women's Property Acts abolished this legal unity in ownership of property, the reason for the common-law rule no longer exists. In *re Robinson,* 88 Md. 17, 33 A. 652, 30 L. R. A. 331; *Mittel v. Karl,* 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655.

In New York the tenancy by the entireties resembles the tenancy in common, except that there is a right of survivorship. In *Hiles v. Fisher,* 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, the New York Court of Appeals held that the common-law right of the husband to the entire usufruct of an estate by the entireties during the joint lives of the husband and wife is an incident of that estate, but is a part of his common-law marital rights; and therefore the rents and profits belong to them in separate moieties, and the wife's share is within the statute giving married women power to control and dispose of their own property.

Accordingly it is now held by the great weight of authority in this country that a husband may make a lease of an estate owned by him and his wife as tenants by the entireties which will be valid against his wife during coverture and will fail only in the event that his wife survives him. *Pray v. Stebbins,* 141 Mass. 219, 4 N. E. 824, 827; *Peter v. Sacker,* 271 Mass. 383, 171 N. E. 485; *Wyckoff v. Gardner,* 20 N. J. L. 556, 45 Am. Dec. 388; *Fairchild v. Chastelleux,* 1 Pa. 176, 44 Am.

Dec. 117; *Topping v. Sadler,* 50 N. C. 357; *Arrand v. Graham,* 297 Mich. 559, 298 N. W. 281, 300 N. W. 16, 136 A. L. R. 1206; 4 *Thompson on Real Property,* Perm. Ed., sec. 1823.

Contrary to the weight of authority, Maryland still retains the tenancy by the entireties in the traditional form. In 1878 the Court of Appeals, speaking through Judge Alvey, held that the Maryland statute authorizing a married woman to acquire and hold property for her separate use did not affect the nature of an estate conveyed by deed to husband and wife jointly. *Marburg v. Cole,* 49 Md. 402, 33 Am. Rep. 266. This Court has taken the view that the Married Women's Property Acts were passed by the Legislature to protect the wife's property from the control of the husband, but not to change the nature of her estate.

In 1882 the Court admitted in *Fladung v. Rose,* 58 Md. 13, 24, that the legal unity of husband and wife, upon which the tenancy by the entireties was founded, no longer existed in Maryland as it existed at common law, and held that where the intention is manifest, and the proper words are employed to create a joint tenancy or a tenancy in common, husband and wife in this State are capable of holding either as joint tenants or tenants in common. In that case Judge Miller said:

> "By our Code, all the property belonging to a married woman at the time of her marriage, and all she may thereafter acquire and receive, is not only protected from the debts of her husband, but she is empowered to hold it for her separate use, to devise it as if she were a *feme sole,* and to convey it by a joint deed with her husband; the necessity of a trustee to secure to her the sole and separate use of her property is dispensed with, and she can sue by next friend in a court of law or equity in all cases for the recovery and protection of her property as fully as if she were unmarried."

However, in 1897 Judge Bryan made it plain in *Mc-Cubbin v. Stanford,* 85 Md. 378, 390, 37 A. 214, that there

had not been any change in Maryland in the common-law rule that where husband and wife own an estate by the entireties, each is entitled to the whole estate by reason of their legal unity and neither can dispose of any part of it without the assent of the other.

In 1916 the Court, speaking through Chief Judge Boyd in *Masterman v. Masterman,* 129 Md. 167, 174, 98 A. 537, stated that at common law the husband was entitled to all the rents and profits of land held by the entireties, and not merely one-half thereof, and that he could convey the land for the term of his life; but that this right of the husband was derived from his common-law marital rights and not as an incident of the estate by the entireties; and that this power of control over the wife's share had been taken away by the Married Women's Property Acts. It has accordingly been held by this Court since the enactment of those Acts that the wife shares equally with the husband in the income from a tenancy by the entireties. *Whitelock v. Whitelock,* 156 Md. 115, 143 A. 712; *Collier v. Collier,* 182 Md. 82, 32 A. 2d 469; *Elko v. Elko,* 187 Md. 161, 168, 49 A. 2d 441, 168 A. L. R. 256; *Brown v. Brown,* 204 Md. 197, 211, 103 A. 2d 856.

In 1932 the Court, speaking through Judge Digges in *Tizer v. Tizer,* 162 Md. 489, 496, 160 A. 163, 161 A. 510, specifically held that there can be no valid lease of property held by husband and wife as tenants by the entireties except by their joint act.

In *Annapolis Banking & Trust Co. v. Neilson,* 164 Md. 8, 164 A. 157, the Court, speaking through Judge Offutt, held that where property is owned by husband and wife by the entireties, the rents and profits cannot be regarded as separate and distinct from the estate itself, and therefore the interest of one spouse in the rents accruing from property owned by the entireties is not subject to attachment for the debts of that spouse.

In view of our decisions, we are constrained to hold that the lease executed by Warsaw while he was married was invalid during his marriage. We pass then to the

question whether the lease should nevertheless be enforced after the divorce.

It is a generally accepted principle in the law of conveyancing that a deed may have the effect of passing to the grantee a title subsequently acquired by the grantor. The grantor who executes a deed purporting to convey land to which he has no title or to which he has a defective title at the time of conveyance will not be permitted, when he afterwards acquires a good title to the land, to claim in opposition to his deed. This principle is based upon the ancient doctrine that such a deed operates upon the after-acquired title by way of estoppel. It has been stated that the title vests by operation of law or by inurement as soon as it is acquired by the grantor, without the need of judicial aid, in order to prevent circuity of action. It has also been stated that the doctrine applies regardless of whether the grantor assumed to convey title by fraud or by mistake. *Armour Realty Co. v. Carboy*, 124 N. J. L. 205, 11 A. 2d 243; *Donohue v. Vosper*, 189 Mich. 78, 155 N. W. 407; *Breen v. Morehead*, Tex. Civ. App., 126 S. W. 650; 3 *American Law of Property*, sec. 15.21.

As Mr. Tiffany has stated, aside from any question as to the effect during coverture of a conveyance by the husband alone, such a conveyance may become operative upon the theory of estoppel in the event that the husband survives the wife. 2 *Tiffany, Real Property*, 3d Ed., sec. 435. This rule also applies, of course, in the case of an absolute divorce of the husband and wife, because the tenancy by the entireties, being founded upon the marital relation, is terminated by an absolute divorce, and thereafter the parties hold the property as tenants in common. *Meyers v. East End Loan & Savings Ass'n*, 139 Md. 607, 116 A. 453; *Crise v. Smith*, 150 Md. 322, 133 A. 110, 47 A. L. R. 467.

It has been held in other States that a title acquired by a grantor subsequent to a conveyance normally inures by estoppel to the benefit of his grantee by operation of law without the payment of further consideration, although the deed does not contain any covenant of war-

ranty. *Perkins v. Rhodes*, 192 Ga. 331, 15 S. E. 2d 426, 144 A. L. R. 549; *Daniell v. Sherrill*, Fla., 48 So. 2d 736, 23 A. L. R. 2d 1410. However, it is particularly true that when a party assumes by his deed to convey a title and obligates himself by some form of assurance to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be permitted afterwards when he acquires title, to make it impossible for his grantee to obtain redress unless he brings a suit on the covenants. *Van Rensselaer v. Kearney*, 11 How. 297, 13 L. Ed. 703; *Ryan v. United States*, 136 U. S. 68, 10 S. Ct. 913, 920, 34 L. Ed. 447; 4 *Tiffany, Real Property,* 3d Ed., sec. 1230.

We reaffirm the rule that where a lease of real estate is made by a person who has no present interest therein, but who acquires an interest during the term, the lease, by the doctrine of estoppel, will operate upon his estate as if vested at the time of its execution. *Poultney v. Emerson*, 117 Md. 655, 658, 84 A. 53.

For these reasons we must reverse the chancellor's order sustaining the demurrer to the bill of complaint and remand the case for further proceedings. We are strengthened in our opinion by the fact that Warsaw, the lessor, warranted generally his title to the land, expressly agreed to defend the title, and covenanted that Columbian Carbon Company, the lessee, should have quiet possession of the land.

*Order reversed and case remanded, with costs.*