Harry C. LINDSEY and the Equitable Trust Company, Executors of the estate of John C. Lindsey

v.

UNITED STATES of America.

Civ. No. 9553.

United States District Court
D. Maryland.

Oct. 28, 1958.

Charles G. Page, White, Page & Lentz, Baltimore, Md., for plaintiffs.

Leon H. A. Pierson, U. S. Atty., Baltimore, Md., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner and David G. Stearns, Attys., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

This is a suit for refund of estate taxes claimed to have been overpaid. The principal issue is whether five parcels of real estate, held by decedent and his wife as tenants by the entireties, qualify for the marital deduction despite the provisions of a contract between the decedent and his wife.

Plaintiffs are executors under the will of John C. Lindsey, who died on February 13, 1952. On October 25, 1949, he had executed a will, by which the residue of his estate was left in trust to pay the net income to his wife for life, with remainders over. The will contained a provision for emergency payments of corpus to the wife in the discretion of

the trustees, but the wife was given no inter vivos or testamentary power of appointment.

The day after the will was executed, decedent and his wife entered into a contract under the terms of which the wife agreed that if she should survive decedent she would accept his will, would waive her right to dower or a legal share of his estate, and, immediately after probate of his will, would assign and transfer to his testamentary trustees all the fee simple and leasehold property which she then owned. Decedent, in turn, agreed to endorse certain insurance policies to provide interest income to the wife for life.

At that time and at the time of his death decedent and his wife held as tenants by the entireties five parcels of real property in the State of Maryland.[1] Decedent also owned some life insurance and other personal property. His wife owned no other real or leasehold property. It is stipulated that the five parcels were worth $98,900 at the time of decedent's death.

After the death of her husband and the probate of his will, the wife honored her contractual obligation by conveying to the trustees the five parcels of real estate which she and her husband had held as tenants by the entireties. The trustees sold the parcels to various purchasers and retained the proceeds therefrom as part of the corpus of the trust.

In their income tax returns the trustees did not report any gain or loss from their sale of the five parcels because they used the valuation of the parcels in the federal estate tax return as the "cost basis" of the properties. The Commissioner assessed a deficiency of $12,582.03 on the ground that the proper basis to the trust was the decedent's adjusted (original) cost basis. The trustees paid the assessment, and have filed a claim for refund, which is still pending. That claim is not directly involved in this suit, but it is an item which should be considered.

In the first Federal Estate Tax return filed by the executors they included the five parcels in the gross estate under Schedule E, as jointly owned property. Since all of the parcels were purchased with the decedent's own money, the full value of all five parcels was returned. In Schedule M of the original return, the following statement appears: "No Marital Deduction is claimed on jointly held real estate, fee simple and leasehold, because of agreement entered into October 26, 1949 between decedent and his wife, copy of which is attached." No deduction of any kind with respect to those parcels was claimed. The tax shown by the original return was $51,540.59; it was paid.

More than two years later plaintiffs filed an amended return, in which they again included the five parcels under Schedule E, as jointly owned property, but claimed their value as a marital deduction under Schedule M. At the same time plaintiffs filed a claim for refund in the amount of $25,971.61, with interest. Still later plaintiffs filed an amended claim for refund in the amount of $48,192.80, wherein they sought (1) to have the value of the five parcels ($93,485.83) allowed as a marital deduction, and also (2) to have the gross estate reduced by the amount of $93,485.83 as a claim against the estate by the widow "which to the extent of said amount, is supported by an adequate and full consideration in money or money's worth, by reason of the agreement of October 26, 1949 * * *." The necessary steps have been taken to give this court jurisdiction to entertain these claims.

No reason has been suggested why taxpayers should be entitled to treat the same item both as a marital deduction and as a claim against the estate. Passing over that contention, we find:

[1.] Maryland still recognizes tenancy by the entireties, referred to as tenancy by the entirety in the I.R.C. and by some authorities. Columbian Carbon Co. v.

Kight, 207 Md. 203, 114 A.2d 28, 51 A.L.R.2d 1232; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991.

A. Taxpayers seek (1) to have the five parcels eliminated from the net estate for federal estate tax purposes, but (2) to have them receive a stepped-up basis (value at time of decedent's death) for income tax purposes.

B. The government seeks (1) to have the five parcels included in the net estate for federal estate tax purposes, but (2) to have them retain their old basis (adjusted cost to decedent) for income tax purposes.

Neither position is fair under the facts of this case, nor in accord with the tax laws as they stood in 1949–52. For the reasons stated below, I have concluded (1) that the value of the five parcels should be included in the gross estate and should not be deducted therefrom either as a marital deduction or as a claim against the estate, but (2) that for income tax purposes the parcels acquired a new basis, the value at which they were included in the federal estate tax return, so that no gain was realized when they were sold by the trustees, and no income tax was payable by them. This conclusion, gives effect to the substance of the transactions rather than their form, and brings about an equitable result, consonant with the general principles of the tax laws.

The contractually encumbered property does not qualify for a marital deduction. Sec. 812(e) (1) (A) of the 1939 Code, 26 U.S.C.A. § 812(e) (1) (A), by which the present estate is governed, allows a deduction from the gross estate of an amount equal to the value of any interest in property which "passes or has passed" from the decedent to his surviving spouse, to the extent that such interest is included in determining the value of the gross estate. This general rule is restricted by the provisions of sec. 812(e) (1) (B), which denies a marital deduction where such interest is a "terminable" interest. Sec. 812(e) (1) (E) provides that in determining the value of such interest "(ii) where such interest or property is incumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent

with respect to the passing of such interest, such incumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined."

In the case at bar the property held as tenants by the entireties would have passed to the wife within the meaning of the federal estate tax law, Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, if she had not entered into the contract with her husband dated October 26, 1949. Without that contract she would have owned a fee simple interest in the five parcels, and they would have qualified for the marital deduction. They would also have retained their old cost basis for income tax purposes, under the law then in effect, 26 U.S.C.A. § 113(a) (5), since amended by the 1954 Code, 26 U.S.C.A. § 1014(b) (9). And if she had voluntarily conveyed them to the trustees under her husband's will, or any other trustees, retaining an equitable life estate, a gift tax would have been payable at once, and they would also have remained a part of her estate for federal estate tax purposes.

But she had entered into the contract with her husband. As a result of that contract the substance of the situation was the same as if the decedent had owned the five parcels outright, and had devised them to his trustees, giving his wife an equitable life estate therein, without any power of appointment. Such a life estate is the classic example of a "terminable" interest which does not qualify for a marital deduction. The wife's temporary ownership of the legal fee in the parcels was a bare legal title, with the equitable title already vested in the trustees. She held the parcels subject to a constructive trust to convey them to her husband's testamentary trustees pursuant to the contract. The only equitable interest which "passed" to the wife was a life interest in the trust.

Awtry's Estate v. Commissioner, 8 Cir., 221 F.2d 749, principally relied on by plaintiffs, is distinguishable from the

present case. The testamentary instrument involved in that case was a joint and mutual will; it was both the will of the decedent and the will of the survivor. In Awtry the remainder was set up by and passed under the *survivor's* will. In the instant case the remainder was created by and passed under the *decedent's* will. Under the contract with her husband, Mrs. Lindsey had bargained away her full property rights in the five parcels in exchange for certain insurance benefits and a life interest in the trust created by her husband's will. After she had performed her contractual obligation to convey to the trustees the legal title to the five parcels, she had only an equitable interest as income beneficiary of the trust. That interest was a "terminable" interest within the meaning of sec. 812(e) (1) (B).

Plaintiffs invoke the provisions of sec. 812(b) (3) and (4) to sustain their contention that the value of the five parcels should be allowed as a deductible claim against the estate. But Mrs. Lindsey never filed any claim against her husband's estate; she received under his will all the benefits which she desired. Her claim against his estate was a claim to a distributive interest *in* the estate and not a claim *against* the estate within the purview of the tax laws. Latty v. Commissioner, 6 Cir., 62 F.2d 952; Markwell's Estate v. Commissioner, 7 Cir., 112 F.2d 253.

The effect of this decision is that the value of the five parcels cannot be eliminated from the husband's estate for federal estate tax purposes either as a marital deduction or as a claim against the estate, but that the trustees under his will are entitled to prevail in their claim for refund of the deficiency in income tax assessed against them because of the alleged gain from the sale of the five parcels.

Counsel will prepare a proper judgment order.