Leah **SCHILDMEIER**, as sole Residuary Beneficiary under the Will and of the Estate of Henry C. Schildmeier, Deceased

v.

**UNITED STATES of America.**
No. IP 57–C–67.

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 2, 1959.

As Corrected Jan. 7, 1959.

I. Sidney Stein and Edward H. Knight, Indianapolis, Ind., for plaintiff.

U. S. Atty., Don A. Tabbert and Asst. U. S. Atty., James L. Miller, Indianapolis, Ind., for United States.

STECKLER, Chief Judge.

The above entitled cause, being at issue, was submitted to the court on April 17, 1958 for trial, without a jury, whereupon both parties by counsel submitted to the court and introduced in evidence a written agreed stipulation by both parties, as true, of all the material and relevant facts in issue herein; and neither party, as reserved by them, made any objections to any of such facts, or offered any further evidence; that thereafter, in lieu of any oral argument, each party filed written briefs with the court upon the issues, and also tendered therewith their respective versions of special findings of fact and conclusions of law for consideration by the court; whereupon the court took said cause under advisement.

And now the court, having duly considered all the pleadings and exhibits filed therewith and all the evidence of the parties, and being fully advised in the premises, now decides and finds for the plaintiff and against the defendant herein; and the court hereby adopts as true and correct, the aforesaid agreed stipulation of all the facts in issue, and the material and relevant portions thereof, pertinent to the controlling issue herein of the marital deduction, as claimed and denied, are summarized by the court in the following special findings of fact; including a summary of each of said exhibits so included in the stipulation by reference thereto, as pertinent herein to such controlling issue.

That the general kind and nature of each such exhibit is here identified as follows:

(A) being a copy of the order of the Probate Court of Marion County, Indiana, showing distribution to the widow of the residue and approving the final report in decedent's estate and closing

same, and not otherwise material or relevant to the issues herein;

(B) being a certified copy of the joint and mutual and also several last wills of both of said spouses, as so probated in decedent's estate as his will, all the relevant items whereof are set out verbatim hereafter in the court's special finding of fact; and

(C) being a copy of the audit by the Collector's agent of the Federal Estate Tax Return in decedent's estate, the portions thereof material and relevant to the issue herein, being hereinafter stated in the special findings of fact; that said stipulation also included and made a part thereof, as true and complete, its own ten exhibits, identified as A to J, inclusive: (A) being a certified photostatic copy of the Federal Estate Tax Return filed by plaintiff in said estate, claiming the marital deduction here in issue, whereby no estate tax was found to be due, and which return is sufficiently referred to in the relevant portions of the aforesaid and hereinafter summarized; (B) to (I) inclusive, being certified or admittedly true, photostatic copies of the eight deeds of all parcels of real estate as originally acquired and held by said spouses, as tenants by the entireties and so owned by them until and at the time of decedent's death, and so listed in said stipulation as being the real estate here in issue to the claimed marital deductions; and (J) being a photostatic copy, admittedly true, of the contract of the spouses with the Merchants National Bank of Indianapolis, setting up their joint bank checking account, totalling at decedent's death $3,149.59, and being the only personal property so held in joint tenancy and here in issue as to the claimed marital deduction; all of such jointly owned property being applied in the estate tax return to reduce one-half of the adjusted gross estate and thereby eliminate any estate tax herein.

That in accord with the foregoing premises, and the finding and decision herein for the plaintiff, the court now makes and files its following special findings of fact, to-wit:

1. That the decedent, Henry C. Schildmeier, the husband of plaintiff herein, was born in Indianapolis, Indiana, and was a citizen of the United States of America at the time of his death on May 23, 1951, a resident of said city.

2. That decedent and this plaintiff were married in 1921 and had no children as issue of said marriage; but each, by prior marriages, had children, the decedent being survived by one son and two daughters, and the surviving wife having two sons; all being their respective children named in their joint and mutual last will.

3. That said spouses together executed, on December 5, 1947, their joint and mutual and several last will, which remained unchanged by them, and was effective at decedent's death as his own last will, and was duly admitted to probate in the Probate Court of Marion County, said widow qualifying as executrix; that after due administration the final report was approved showing distribution of decedent's separate property as provided for by the will, including distribution of all the residue of decedent's property to his widow, as the sole beneficiary of such residue; and said estate was closed and the executrix discharged on July 5, 1952.

4. That all of the eight parcels of real estate, as shown by the deeds therefor, copies whereof are so included as exhibits to said stipulation, were acquired by said spouses by purchase, between December 1941 and July 1946, solely as tenants by the entireties, and remained so until the decedent's death; that thereupon the absolute titles in fee to all thereof became vested solely in this plaintiff, as the surviving spouse, by operation of law, under said deeds; and that none of such eight parcels of real estate here in issue, passed from decedent to his surviving spouse, or to anyone else, by said will, or had ever been conveyed to anyone by such spouses prior to decedent's death.

5. That said spouses had formed the partnership business of H. C. Schildmeier Company on November 1, 1946, and became and thereafter remained equal and active partners and owners thereof, its actual assets consisting at all times only of personal property; and it never acquired any legal titles to any of the aforesaid eight parcels of real estate, which said spouses, as sole owners thereof, merely had used in the conduct by them of said business.

6. That as executrix of her husband's estate, plaintiff, on May 5, 1952, within the time required by law, filed a federal estate tax return for said estate, as shown by the copy thereof attached as Exhibit A to the aforesaid stipulation, showing in Schedule O a gross estate of $115,718.11, with claimed deductions for funeral and administration expenses and debts of decedent totalling $14,373.55, and showing bequests of the residue to his widow, set out in Schedule M, totalling $62,002.48 net, making the adjusted gross estate $101,344.56; and then claiming a marital deduction of one-half of such adjusted gross estate in the sum of $50,672.28; adding thereto the funeral, etc., expenses and debts of $14,373.55, made total allowable deductions of $65,045.83; that by Schedule P, after showing the specific exemptions for basic and additional taxes in addition to said total claimed deductions, there was shown to be no estate tax due under either of the applicable revenue acts; and plaintiff did not then pay any estate tax; and so reported in her final report to the Probate Court of Marion County in closing said estate.

7. That thereafter, upon an audit of said estate tax return by the agent of the Collector of Internal Revenue, dated May 4, 1953, he readjusted certain values as set out in Items 1 and 2, Schedule E, of the jointly owned real and personal property, alone here in issue, by listing same at full values instead of at half thereof as returned by plaintiff; and also adjusted the value of the realty listed in Item 3, not here in issue, and then allowed said widow a credit of $25,000 for her contributions to the joint property, all resulting in a gross estate of $127,280.69, instead of $115,-718.11 as returned by plaintiff; that said audit also reduced two items of deductions in Schedule J by $50, and four items in Schedule K by $141.38, thereby reducing such total deductions, as allowed, to $14,182.17, leaving an adjusted gross estate of $113,098.52, and then eliminated all of the claimed marital deduction, as had been shown in Schedules M, O and P of the return in the aforesaid amount of $50,672.28, or in the sum of $56,549.26, on the corrected adjusted gross estate; that said agent then recalculated such total figures as returned and as so corrected and changed by him, to make a new net estate for basic tax of $13,098.52, and a new net estate for additional tax of $53,-098.52; and then assessed gross basic and additional taxes totalling $7,774.63, less inheritance tax credit of $104.79; making a net deficiency assessment of $7,669.84, plus interest of $325.70, or a total of $7,995.54 then due.

8. That on May 7, 1953, plaintiff executed Form 890, a waiver of restrictions on the aforesaid deficiency assessment; which waiver, as stipulated by counsel herein, in no way deprived her of the right to file a later claim for refund, upon payment of the deficiency assessment.

9. That plaintiff paid to the District Director at Indianapolis, with interest as calculated therein, such total of $7,995.-54; one payment of $7,984.50 being made on May 8, 1953, and the balance of $11.04 being paid on June 22, 1953, in full of such deficiency.

10. That on May 4, 1956, within the time then allowed by the Revenue Act then applicable thereto, plaintiff filed a claim with the local Director of Internal Revenue for refund of the aforesaid sum of $7,984.50, as so assessed and paid first, plus interest, and of any other refundable sums, with attorney fees, which fees have been now waived of record by plaintiff, based upon the contention that the marital deduction as

claimed in the estate tax return, and as the latter had been credited and corrected, as aforesaid, should have been allowed and had been erroneously eliminated in the audit as accepted herein, thereby resulting in the illegal deficiency assessment as so paid. That such claim for refund was denied by the Collector, by registered letter dated February 8, 1957, mailed to the plaintiff; and that the instant action for refund was timely filed by plaintiff, on March 15, 1957.

11. That the only property of said spouses involved in this action, to which the marital deduction is claimed to apply, consisted of the eight parcels of real estate described in Item 2 of Schedule E of the estate tax return, and also in Item II B of the joint and mutual will, as hereinafter set out, all so acquired and owned by said spouses, at all times, as tenants by the entireties; and the only personalty herein involved is the checking account in Merchants National Bank, totalling at decedent's death $3,149.59, held by said spouses as joint tenants and payable all to the survivor of them, as described in Item 1 of said Schedule E; all of which is properly involved in this action for refund.

12. That, as stipulated by the parties, and shown by the pleadings, and as shown by all the evidence, the only issue before the court for decision and judgment herein is whether, under Section 812(e) and other relevant provisions of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e), as amended, the decedent's estate was and is entitled to the marital deduction as claimed and applied in the plaintiff's estate tax return, and as it was adjusted by the audit thereof with respect to the jointly owned real and personal property referred to in the preceding paragraph of these findings of fact. The decision of this issue being dependent upon whether the estate is entitled to such marital deduction because, as contended by the plaintiff, none of such jointly held property as to titles and ownership passed to and vested in the surviving spouse under any testamentary provisions of such will, nor were affected or changed in their legal titles, character and status, in any respect, by any provisions or purpose of the spouses in their contract embraced in said will, but separable and distinct in legal effect and concept from its testamentary provisions. That as contended by the plaintiff all such jointly owned property vested in absolute titles and ownership in this surviving spouse by operation of law at the instant of her husband's death, solely by and under the prior original instruments which so created all such titles. Or as the defendant contends that the legal titles and ownership of the surviving spouse, by reason of the restrictions imposed on her subsequent disposition of such jointly held real property (though not asserted to be applicable at all to the joint bank account), under the provisions of the contract of the spouses aforesaid, which defendant asserts limited and controlled the testamentary provisions of the will, and regardless of the prior sources of such joint titles and the usual legal effect thereof, had all together thereby rendered this spouse's titles and ownership of such joint realty terminable in character within the meaning of Section 812(e) (1) (B) of said Code, and so not subject to the marital deduction claimed thereon and denied by the Collector.

13. Upon such respective contentions of the parties to this action, upon the controlling issue of fact herein and upon the law applicable thereto, the court adopts that of the plaintiff and rejects that of the defendant.

(Upon such issue herein the court approves and follows, as herein controlling, the decision and opinion in the case of Awtry's Estate v. Commissioner, 8 Cir., 1955, 221 F.2d 749; and as it was followed in Estate of Gust Marion Peterson v. Commissioner, 8 Cir., 1955, 229 F.2d 741, both being decided on comparable wills and facts, and both reversing U. S. Tax Court decisions, and which are cited and relied upon by the plaintiff herein. The court regards as clearly

distinguishable the will and the facts and also as the law was applied thereto, the Maryland case decided by the United States District Court of Maryland, on October 28, 1958, in the case of Lindsey v. United States, 167 F.Supp. 136, which is cited as an additional authority by the defendant herein.)

14. That the parties may not question in this action the several adjusted values of the decedent's estate, or of the aforesaid items of property so affected and changed in amounts by the audit of the estate tax return, with the exception of the marital deduction as it relates to the aforesaid jointly held property, and the corrected adjusted gross estate, because such other adjustments of values were not objected to and raised in the plaintiff's aforesaid claim for refund, and so have been waived by her.

15. That all the material and relevant provisions of the joint and mutual and several will of said spouses, as pertinent to the issues of this action, (omitting signatures of spouses and attesting clauses) are here set out verbatim and read as follows:

"Exhibit B

"We, Henry C. Schildmeier and Leah Schildmeier, being husband and wife, and both residents of Marion County, Indiana, and of sound mind and disposing memory, do hereby mutually and also separately and severally make, publish and declare this to be the joint and several last will and testament of both and each of us, and we each hereby expressly cancel and revoke any and all former wills or codicils by either of us at any time heretofore made including our separate wills dated March 20th, 1945, and codicils thereto.

"Item II

"I, Henry C. Schildmeier, give and bequeath to my son, John Henry Schildmeier, the one-half interest I own in all assets of every kind and character belonging to the partnership business known as 'H. C. Schildmeier Co.' of Indianapolis, Indiana, including my share of undistributed profits of said partnership to the date of my death.

"In the event my said wife and I hereafter dissolve said partnership and reorganize and conduct the same as a corporation, then this bequest shall be of no force or effect and upon the happening of such contingency, the only interest my said son shall have in said business shall be dependent upon and governed solely by the transfer I make to him of my stock certificate or certificates therein.

"Item II–A

"I, Leah Schildmeier, give and bequeath to my son, Sandy Garvin, if living, otherwise to his wife, Mary Garvin, the one-half interest I own in all assets of every kind and character belonging to the partnership business known as 'H. C. Schildmeier Co.' of Indianapolis, Indiana, including my share of undistributed profits of said partnership to the date of my death.

"In the event my said husband and I hereafter dissolve said partnership and reorganize and conduct the same as a corporation, then this bequest shall be of no force or effect and upon the happening of such contingency, the only interest my said son or his said wife shall have in said business shall be dependent upon and governed solely by the transfer I make to him of my stock certificate or certificates therein.

"Item II–B

"As husband and wife, we are now the owners of the following described real estate situated in Marion County, Indiana:

Lots 5, 6, 7, 8, 9, 10, 23 and 24 in Block 29 in H. L. Ellsworth Subdivision of the City of Indianapolis;

all of which real estate we consider a part of and/or used in connection

with our partnership business hereinabove referred to and known as 'H. C. Schildmeier Co.', and for the purpose of completing the bequests herein contained in Item II and II–A so that the legatees therein named will also own this real estate as well as the business, Henry C. Schildmeier and Leah Schildmeier now agree, each with the other, that in the event of our simultaneous death as defined in Item V of this will, we devise a one-half interest in this real estate to said John Henry Schildmeier, and the remaining one-half thereof to said Sandy Garvin, if living, otherwise to his wife, Mary Garvin, to belong to them absolutely and in fee simple; or, if either of us should survive the other, the survivor of us shall immediately execute his or her deed so that title to an undivided one-half interest in the above described real estate shall vest in the child of the first one of us to die, that is, John Henry Schildmeier or Sandy Garvin, if living, otherwise to his wife, Mary Garvin, and we hereby agree that such deed shall be executed immediately by the survivor of us at the earliest possible time; upon the death of the survivor of us, his or her child, that is, John Henry Schildmeier or Sandy Garvin, if living, otherwise to his wife, Mary Garvin, shall then become the owner of the remaining one-half interest in said real estate and such devise is hereby made.

"In the event said partnership is hereafter dissolved and the above described real estate is conveyed to the corporation that may be formed as successor to said partnership business, then, in that event Item II–B shall be of no force or effect.

"Item III

"To the one of us who may survive the other, the one of us who is the first to die, hereby gives, bequeaths and devises, absolutely and in fee simple all of the rest, residue and remainder of his or her repective property, real, personal or mixed, wheresover situated of which such one first dying is seized, possessed or entitled at such death, and in the event of such prior death of Henry C. Schildmeier, the aforesaid Leah Schildmeier is hereby designated and appointed as Executrix of this will, and in the event of the prior death of Leah Schildmeier, the aforesaid Henry C. Schildmeier, is hereby designated and appointed as Executor of this will.

"Each request of the court that no bond or only one of a nominal amount be required and that a detailed inventory may be waived unless some creditor may otherwise petition the court.

"Item IV

"If our deaths should occur either simultaneously or under such circumstances that the survivor could not be or is not clearly determined and proved, then and in such event and contingency, this instrument is hereby declared to be the sole effective last will and testament of both and each of us, jointly and also severally, as to the rest, residue and remainder of all property, real, personal and mixed, of both or either of us, wheresoever situated and of which both or either of us is then seized, or possessed, or is entitled to at such deaths; or, if either of us should survive the other, then the preceding Item of this will (III) bequeathing and devising certain property of the one first to die to the survivor of us, shall thereupon become immediately effective as to such property, and the aforesaid contingency of simultaneous death shall thereby fail, and in such contingency and event of survivorship of one of us, this instrument is hereby declared by us to be and become thereupon the separate last will and testament, individually, of either of us, and to be then applicable to the

property, real, personal and mixed, wheresoever situated, not otherwise herein bequeathed or devised (Items II, II-A and II-B) of which he or she has become vested, either under Item III of this will, or in any other manner or from any source whatever, and it shall also become effective as such separate will, at the survivor's death.

"Item V

"In the event that this instrument becomes effective as the last will and testament of both of us because of our simultaneous deaths or because of our deaths under such circumstances that the survivor could not be or is not clearly determined or proved, then and in that event, all of our not otherwise bequeathed or devised property, real, personal or mixed, wheresoever situated, is hereby given, bequeathed and devised to the following named, they being our respective children:

Marian Louise Bloch
Iva Belle Sonnichsen
John Henry Schildmeier:
    (children of
        Henry C. Schildmeier)
Harry Joseph Garvin
Sandy Garvin:
    (children of
        Leah Schildmeier)

equally, share and share alike, and under such circumstances, we hereby request of the court that John Henry Schildmeier and Sandy Garvin, be appointed joint Executors, but in the event either of them is incapacitated or refuses to serve, then the other may be the sole Executor.

"Item VI

"In the event that this instrument becomes effective as the last will and testament of both of us by being probated first as the last will and testament of the first of us to die and second as the last will and testament of the survivor of us, then

and in that event, when serving as the last will and testament of the survivor all of the real, personal or mixed property, wheresoever situated, belonging to the survivor at death and which is not otherwise herein disposed of, is hereby given, bequeathed and devised to said children:

Marian Louise Bloch
Iva Belle Sonnichsen
John Henry Schildmeier
Harry Joseph Garvin
Sandy Garvin

equally, share and share alike, and we hereby request of the court that upon the death of the survivor of us, that John Henry Schildmeier and Sandy Garvin be appointed joint Executors, but in the event either of them is incapacitated or refuses to serve, then the other may be the sole Executor.

"Item VIII

"We, Henry C. Schildmeier and Leah Schildmeier, hereby covenant with each other to abide by our joint and several will as herein made and covenant not to make any will or codicil different from this after the death of either of us and do hereby consent and agree to become bound by and accept the provisions made herein and that this will cannot be changed, modified or varied in any manner whatsoever by either without the consent in writing of the other.

"In Witness Whereof, we and each of us have hereunto subscribed our names to this our joint and several last will and testament this 5th day of December, 1947, in duplicate, each of which shall be considered as an original, such duplicate copy being executed so that each of us may have one."

■ 16. The court construes said will and the separable contract of the spouses embodied therein, and so finds, that no provisions of either the will,

or of such contract, establish any intention of the spouses, or had the legal effect, either of creating any trust, or of creating any life estate in the surviving spouse, with remainders in the beneficiaries under said contract, in any of the property here in issue, previously jointly acquired and continuously so owned by them until decedent's death, and that the legal titles to all thereof, as vested by operation of law in the surviving spouse, were wholly unaffected by any provisions of either said will, or said contract; and that no transfer of any interests in any jointly held property, or titles, to any beneficiary named in such contract, resulted at decedent's death; but that independent subsequent acts of the survivor during her lifetime, were required to effect any transfers of her vested titles to the beneficiaries, so as thereby to change her absolute control and ownership, of any, or all, such property; and any rights of the beneficiaries were wholly inchoate, and subject to waiver by them, until and unless the survivor should perform such contract, or directly breach it. That accordingly, the court finds that the absolute titles so becoming vested solely in plaintiff, at decedent's death, were in no way rendered terminable by said will, or by said contract, and that said estate was entitled to the marital deduction, as therein claimed, and as still due under the audit, and that the Collector's elimination thereof and his disallowance of the refund of the deficiency tax paid, were erroneous and illegal under the facts of this case.

17. The court further finds that said will and contract did not, by any clear and unambiguous language therein, as is required by the law and decisions of Indiana, purport to limit the absolute titles and control of the survivor, or to devise, or transfer, to any others any interests in any of the property so jointly owned by the spouses; but on the contrary, the possible contingency of their simultaneous deaths, which alone would have changed their joint ownership of any property to severable equal estates in common, as revealed by the repeated references thereto in Items II–B, IV and V of their will, is so shown to have been the dominant purpose of their contract, and the happening of such contingency was essential to make such contract immediately effective so as thereby to vest any rights to such joint property in any beneficiaries.

18. The court further finds that all the provisions of said will, and of the said contract, construed together, render such will and contract separable and independent instruments and did not alter, or affect, the legal character of the absolute titles to such joint property, here in issue, that became vested absolutely in this surviving spouse by operation of law.

19. That all the relevant provisions and purport of all of the other exhibits, made a part of the stipulation by the parties of all the facts, either included by reference thereto, as being the three exhibits attached to the complaint, or as separately attached to such stipulation itself, and which the parties agreed were true and correct, have been hereinbefore referred to and stated, in substance, in these findings of fact.

## Conclusions of Law

Upon the foregoing special findings of fact, the court concludes as a matter of law the following:

1. The court has jurisdiction of the parties and of this action for refund; and the action has been timely filed.

2. The court hereby adopts, as the law of this case and as applicable thereto, under the issues and the record herein, the construction of the joint and mutual will and of the contract embodied therein, and of the issues herein, as found in the foregoing special findings of fact; and the court concludes that the law controlling this action is with the plaintiff and against the defendant, and that plaintiff is entitled to a refund of such deficiency assessment with interest thereon and so paid.

3. The plaintiff, as the surviving spouse of Henry C. Schildmeier and as the sole residuary beneficiary under their joint and mutual will, of which she was executrix, and under the separable contract of the spouses embodied in said will, did not receive any terminable interest, as asserted by defendant, in any of the jointly owned real or personal property as identified in the findings and herein involved; and she was and now is entitled to receive, as so claimed by her in said estate, but denied, a marital deduction upon such jointly owned property, under Section 812(e) and its other subsections of the Internal Revenue Code of 1939, as amended; and that by reason of such marital deduction having been timely and properly claimed by her, no federal estate tax in said estate was or is now due; and the deficiency assessment as herein made and paid by her, according to the audit of her return, was erroneous and illegal; and the disallowance by the Collector of her claim for a refund thereof, timely filed, was erroneous.

4. That plaintiff is entitled to recover a judgment herein against the defendant upon her claim and in this action for a refund of such deficiency assessment, as provided for by the Internal Revenue Code in such cases, from the dates of her payments thereof on May 8, 1953, in the sum of $7,984.50 and for the additional sum of $11.04 paid by her on June 22, 1953; all being a total of $7,995.54, so paid; together with legal interest at 6% on such total sum thereafter accrued and accruing until repaid to her by the defendant, in the total amount as provided for by said Code to be recalculated by the Revenue Service upon the adjusted gross estate as the amount thereof has been previously determined by the audit of the return, and as the total to be paid to plaintiff, pursuant to the judgment herein; and that plaintiff is also entitled to recover from the defendant all costs of this action, accrued and accruing, assessed at $————.

5. The Clerk of the Court is directed to prepare, or to obtain from counsel for the plaintiff, in accord with the court's findings and conclusions of law, a proper entry of such judgment, in the total amount now due to plaintiff, so to be calculated by the Revenue Service, as aforesaid, to be submitted to the court for approval and entry herein, as of this date.